## The Theron Ford Company vs. The Home Owners' Loan Corporation.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued June 4th—decided July 12th, 1935.

*William Gitlitz,* for the appellant (plaintiff).

*Frederick C. Hesselmeyer,* with whom was *Thomas A. Grimes,* for the appellee (defendant).

MALTBIE, C. J.   The first paragraph of the complaint in this case alleges that the plaintiff on November 23d, 1933, had placed an attachment upon the real estate of Bessie Distin.  The second paragraph states that on December 21st, 1933, the defendant "promised to pay the plaintiff $400 in Home Owners' Loan Corporation bonds and/or check in full payment of the plaintiff's claim against said Bessie Distin, and for a release of said attachment and to return said release of attachment to the plaintiff, within a reasonable time, if said $400 were not paid."  Then follow allegations that the plaintiff deposited with the defendant its release of the attachment, in escrow, pending disbursement of bonds or check "in settlement of claim, pursuant to the agreement;" that on December 22d, 1933, the defendant took an alleged first mortgage on the premises attached in the sum of $4256.17; that on December 28th, 1933, the defendant caused the release of attachment to be recorded; that it has failed to pay the plaintiff the $400 as agreed; and that the result is, as the record stands, that the defendant has a first mortgage on the premises but the plaintiff has lost the lien of his attachment.  The defendant filed an answer in

which it specifically denied the agreement alleged in the second paragraph and the allegation that the release of attachment was deposited in escrow; but it admitted that it had taken the first mortgage on the premises. ' It added a special defense that the defendant is an instrumentality of the United States, created a corporation by virtue of the Home Owners' Loan Act of 1933 (48 U. S. Stat. at Large, Part 1, Chap. 64) and carries on its operations under the provisions of that act; that the date of the enactment of the statue was June 13th, 1933, to which the plaintiff's attachment was subsequent; and that "the agreement or agreements referred to and described in the complaint" were void, ultra vires and unenforceable. The plaintiff in its reply admitted the allegations of fact in the special defense but denied that the terms of the act were as alleged and the allegations as to the legal effect of the act. With the pleadings in this situation the defendant moved for judgment in its favor upon the ground that it appeared upon the face of the pleadings that the agreement alleged was contrary to the terms of the act and unenforceable and the trial court granted this motion.

The court, as it properly could, took judicial notice of the terms of the act in question. The defendant relied upon subsection (d) of § 4 which provides that: "The corporation is authorized, for a period of three years after the date of enactment of this Act, (1) to acquire in exchange for bonds issued by it, home mortgages and other obligations and liens secured by real estate (including the interest of a vendor under a purchase-money mortgage or contract) recorded or filed in the proper office or executed prior to the date of the enactment of this Act, and (2) in connection with any such exchange, to make advances in cash to pay the taxes and assessments on the real estate, to

provide for necessary maintenance and make necessary repairs, to meet the incidental expenses of the transaction, and to pay such amounts, not exceeding $50, to the holder of the mortgage, obligation, or lien acquired as may be the difference between the face value of the bonds exchanged plus accrued interest thereon and the purchase price of the mortgage, obligation, or lien." The court in granting the motion proceeded upon the assumption that the defendant in making the agreement alleged in the complaint was acting under the specific power given it, "to acquire in exchange for bonds issued by it, home mortgages and other obligations and liens secured by real estate."

While in terms the act seems to contemplate the actual taking over by the defendant of existing mortgages and liens, we are aware from the record of the case of *Home Owners' Loan Corporation* v. *Stevens,* 120 Conn. 6, 179 Atl. 330, that the defendant, at times at least, instead of doing this, takes a new mortgage, after the former mortgage or lien has been released. The agreement alleged in the complaint does not purport to be one either for the assignment to the defendant of the rights of the plaintiff under its attachment lien or for a surrender of that lien and the execution of a new obligation by the plaintiff to the defendant in return for the bonds issued to it. The complaint suggests an underlying agreement between Bessie Distin, someone holding a mortgage upon the premises and the defendant, under which the holder of the mortgage was to release it in return for bonds of the defendant, and the defendant was to take the first mortgage upon the property attached, which it is admitted it did take the day after the release of attachment is alleged to have been filed with it; and that the agreement between the plaintiff and the defendant was for the purpose of clearing the title by securing the dis-

charge of the plaintiff's attachment lien. It might have been that, from the bonds to be issued upon the execution of the mortgage by Bessie Distin to the defendant, certain of them or their proceeds with the consent of the owner of the mortgage to be released, were to be delivered or paid to the plaintiff in consideration of its surrender of its attachment lien. If that should prove to be the fact, the defendant would not thereby be exercising any power given it "to acquire in exchange for bonds" the plaintiff's interest under its attachment lien. That some such situation as this might have existed is indicated from the course the defendant is stated to have taken, as regards the release of the attachment lien, which was no more than to file it of record.

Under the allegations of the complaint an agreement having some such basis as this might be proved. In that event, a very different situation might be presented from that which was the basis upon which the trial court granted the motion for judgment. Without the facts before it the court was not in a position properly to consider whether the agreement actually made was one beyond the power of the defendant to make. If, as alleged, the defendant by its agreement has secured a first mortgage upon the property by inducing the plaintiff to release its attachment lien, without receiving any consideration, the position of the defendant seems unconscionable, and the trial court should have ascertained the facts before entering judgment for the defendant.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.