MARY CHRISTONI *v.* JOSEPH R. CHRISTONI
(two cases)

ALCORN, HOUSE, THIM, RYAN and COVELLO, JS.

Argued February 7—decided February 9, 1968

*George J. Coyle,* for the appellant (defendant).

*Richard L. Jacobs,* with whom, on the brief, was *Leander C. Gray,* for the appellee (plaintiff).

PER CURIAM. These were companion cases. In one, the plaintiff sought a divorce, alleging both adultery and intolerable cruelty. In the other, the plaintiff sought, pursuant to § 46-10 of the General Statutes, indemnification from her husband for money paid out by her for the support of her children and herself. Both cases were referred to a referee, who, after a hearing, filed his report in which he concluded that the plaintiff was entitled

to a divorce on the ground of adultery and that she should recover from the defendant by way of indemnification under the statute the sum of $6002.52. In each case, the court accepted the report of the referee and rendered judgment in accordance with his recommendation. The defendant has appealed in each case.

In neither appeal is any attack made on the finding. In the divorce action, the only assigned error is that the referee reached no conclusion and made no recommendation as to the allegations of intolerable cruelty. In the action for indemnification, the only error assigned is that the court rendered judgment for the plaintiff without concluding that the plaintiff was entitled to a divorce on the ground of intolerable cruelty.

There is no merit to the appeal in either case. Where more than one ground for a divorce is claimed and one alleged ground is proved, it is immaterial whether or not an additional statutory ground or grounds may also exist.

In circumstances where it has been proved that the husband has committed adultery and the wife is fully justified in living apart from him and divorcing him for that reason, is it immaterial in her action for indemnification under § 46-10 of the General Statutes whether or not the husband can also be found to have committed acts of intolerable cruelty.

The defendant has cited no authority to support his contentions, nor have we found any.

There is no error in either case.