SEILER, Respondent, v. SEILER, Appellant.

*No. 146.   Argued October 5, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 627.)

402

For the appellant there was a brief by *Bennett & Bennett* of Portage, and oral argument by *David H. Bennett*.

For the respondent there was a brief by *McManus & Haukom* of Madison, and oral argument by *Jack McManus*.

WILKIE, J. The only issue presented on this appeal is whether the property division ordered by the trial court constitutes an abuse of discretion. It is well established that a division of property in a divorce judgment is a matter of discretion for the trial court, and, unless the trial court is shown to have abused its discretion, this determination will not be upset upon appeal.[1]

". . . An abuse of discretion arises when the trial court has made a mistake or error with respect to the facts upon which the division was made or when the division itself was, under the circumstances of the case, either excessive or inadequate. *Lindahl v. Lindahl* (1963), 19 Wis. 2d 379, 390, 120 N. W. 2d 142, 121 N. W. 2d 286."[2]

In the recent case of *Lacey v. Lacey*,[3] this court listed many of the factors which might be considered by the trial court in establishing a fair and equitable basis for

---

[1] *Williams v. Williams* (1969), 44 Wis. 2d 651, 661, 171 N. W. 2d 902.

[2] *Leeder v. Leeder* (1970), 46 Wis. 2d 464, 468, 469, 175 N. W. 2d 262. *See also: Williams v. Williams, supra,* footnote 1, at page 661.

[3] (1970), 45 Wis. 2d 378, 173 N. W. 2d 142.

a division of property, emphasizing the need for "flexibility and responsibility."

Appellant urges only one reason why this court should reverse the judgment here in issue, the alleged failure of the trial court to consider the tax consequences of the division:

> "The tax consequences of this division of estate on these terms is grossly unfair to the defendant. By a matter of 21 days, the tax impact upon the defendant results in a horrendous tax liability.
> "Obviously, the trial court failed to consider the unrealistic and unjust result of spreading the installment payment out over a period of more than 10 years."

Appellant does not specify with any particularity why the tax consequences of the final judgment, as entered, are unfair and, therefore, fails to state reasons why the trial court abused its discretion in making its property division determination. As a matter of fact, it appears that appellant's view that the partial payments contemplated by the trial court's oral pronouncement had no tax consequences for the defendant wife whereas the payments provided for in the final judgment did, has little basis in the law. It appears without question that sec. 71 of the Internal Revenue Code provides that "periodic payments" received by a wife, which constitute a discharge of a legal obligation which the husband has by virtue of a divorce decree, are to be included in her gross income and are deductible by the husband.[4] Installment payments discharging the principal sum stated in the decree do not constitute "periodic payments"[5] unless the payments are to extend over a period ending more than ten years after the date of such decree, in which case the installments become "periodic payments" for purposes of sec. 71.[6]

---

[4] 26 USCA, *Internal Revenue Code,* sec. 71(a).

[5] *Id.* at sec. 71(c)(1).

[6] *Id.* at sec. 71(c)(2). *See also:* 1 Federal Tax Reg. (1970), sec. 1.71–1(d).

In light of this provision, as evidently recognized by the trial court in its judgment, the installment payments decreed here will constitute "periodic payments" and be taxable to appellant, and deductible by respondent. However, this would have been true had the court not specifically decreed that the payments were to be treated as "periodic payments" under sec. 71, and had it not provided for the last payment to be made on the January 1st following the November of the tenth year (January 1, 1979, instead of November 1, 1978).

In *Wetzel v. Wetzel*,[7] this court held that the tax consequence of a divorce settlement is a factor to be considered by the trial court in making its determination, stating: "How the arrangement or division works out in reality after taxes is a test of fairness." [8]

Appellant contends:

"Under the 'doctrine of fairness' in the *Wetzel* case it is manifestly unjust that the defendant must now pay federal income taxes on her share of the family estate that she contributed to and earned in the first instance."

This is an overstatement of our position in *Wetzel*. In that case the court was careful to state that it was not requiring that the respective tax liability of the parties was controlling as appellant implies. The court stated:

". . . We do not hold the trial court must adopt as a solution a method which produces the least amount of tax for the husband or for the wife . . . . Whether the husband pays the tax or the wife pays the tax or whether it is shared in some manner is not the test. . . .

". . . We do not say the tax considerations are controlling but that the court should be aware of the tax consequences of his rulings and take such consequences of any proposed division into consideration in making its ruling." [9]

---

[7] (1967), 35 Wis. 2d 103, 150 N. W. 2d 482.

[8] *Id.* at page 110.

[9] *Id.* at pages 110, 111.

In other words, the trial court should consider the tax consequences of its determination, hence the precise question presented here is whether the trial court considered the tax consequences of its judgment. There is no mention of tax liability in the record of the proceedings either in court or in chambers. However, the court did specifically provide for a payment of the $50,000 settlement to the defendant wife by a financial payment of $25,000 within ninety days, and for the payment of the remaining $25,000 in ten annual installments of $2,500 to commence on November 1, 1969, more than a year after the judge's property division pronouncement in open court on October 11, 1968.

Appellant contends that "the final installment payment to the defendant is to be paid on November 1, 1978, ten years and twenty-one days from the date of judgment." Hence, she argues, the trial court did not consider the tax consequences at all. This argument has little merit for several reasons.

First, it is extremely doubtful that, because the installment payments are to be completed only twenty-one days beyond the ten years required to make them "periodic payments" under sec. 71, this indicates the trial court did not consider the tax consequences of its judgment.

Second, the trial court deliberately made the first installment due on November 1, *1969,* not 1968. This made the final installment due in excess of ten years after the date of the judgment rather than only nine years. This appears to be a conscious attempt to make the installment payments taxable to appellant and deductible by respondent as "periodic payments" under sec. 71.

Third, it seems more proper to presume the trial court followed the holding of *Wetzel v. Wetzel* than that it did not.

We are satisfied that the trial court had the tax consequences to both parties in mind when it made its oral pronouncement in open court by providing for installment payments over more than a ten-year period to satisfy one half of the $50,000 settlement. We are also satisfied that the tax consequences were precisely the same in the court's view at the time the formal judgment was entered at the later date.

We do not find any substance in appellant's claim that the final judgment is materially different from the court's oral pronouncement at the time of the trial. In the first place, appellant is in no position to have this court review as a matter of right this particular contention since there is nothing in the record to indicate that appellant ever sought a review by the trial court of this contention. On oral argument appellant indicated that although proceedings were begun but never completed, the trial court had stated that it would not change the judgment.

While it is true that this court has stated that a motion to review by the trial court in matters involving the trial court's discretion is not essential to a review on appeal,[10] this ruling does not apply to appellant's contention with respect to the judgment's alleged inconsistencies with the alleged oral pronouncement of the trial court. In *Young v. Anaconda American Brass Co.,*[11] this court ruled:

"If the order for judgment and the judgment do not, in the opinion of a party, conform to the decision or memorandum opinion of the trial court it is incumbent upon the party claiming such nonconformity to make a motion in the trial court to amend the judgment before the matter will be reviewed by this court. The alleged error, if it be one, will, we assume, be corrected by the

[10] *Farwell v. Farwell* (1967), 33 Wis. 2d 324, 327, 147 N. W. 2d 289.

[11] (1969), 43 Wis. 2d 36, 57, 168 N. W. 2d 112.

trial court. A search of the record does not reveal such motion was made. The alleged error will not be reviewed."

Since the motion to correct the judgment was not made in the trial court, this alleged departure in the final judgment from what was ordered in court cannot be reviewed by this court as of right. In any event, we think there is no merit in appellant's contention since we conclude that both the oral pronouncement in court and the written judgment provided for (1) a lump sum payment of $25,000 for which appellant has no tax liability,[12] and (2) ten annual installment payments of $2,500 each, which installment payments only are to be treated as "periodic payments" pursuant to sec. 71 of the Internal Revenue Code, deductible by the husband and taxable to the wife.

*By the Court.*—Judgment affirmed.

---

[12] "The courts generally hold that where both 'periodic' payments and a lump sum payment are to be made, they must be considered separately for alimony deduction purposes. The lump sum payment is not deductible; the 'periodic' payments are." 34 Am. Jur. 2d, *1970 Federal Taxation*, p. 548, sec. 7324.