HELEN P. HOLLINGSWORTH *v.* WILLIAM I. HOLLINGSWORTH

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

---

[2] The defendant has not pursued her cross-appeal because the issues raised therein have become moot.

Argued February 8—decision released April 1, 1980

*Thomas J. Barberie,* for the appellant (plaintiff).

*Patricia B. Perkins,* with whom, on the brief, was *Arnold Rutkin,* for the appellee (defendant).

COTTER, C. J. The plaintiff, Helen P. Hollingsworth, appeals from a judgment of the Superior Court dissolving her marriage to the defendant and attacks the propriety of the trial court's assignment of property pursuant to General Statutes § 46b-81. The plaintiff has expressed dissatisfaction with those portions of the judgment of dissolution which ordered that all of the defendant's right, title and interest to the parties' jointly-owned residence be transferred to her subject to an equitable lien of $10,000 in favor of her husband to be paid without interest three years after the date of the dissolution judgment and that the plaintiff pay him $45,000 within six months of the date of that judgment.[1]

This court has repeatedly declared that assignments of property interests rest within the sound discretion of the trial court. *Posada* v. *Posada,*

[1] The remainder of the judgment awarded the plaintiff the furniture and furnishings in the jointly-owned residence, including numerous valuable antiques, and ordered her to pay her husband $1000 for counsel fees; these judgment orders are not challenged.

179 Conn. 568, 572, 427 A.2d 406; *Ridolfi* v. *Ridolfi*, 178 Conn. 377, 379, 423 A.2d 85; *Jacobsen* v. *Jacobsen*, 177 Conn. 259, 262–63, 413 A.2d 854; *Pasquariello* v. *Pasquariello*, 168 Conn. 579, 584, 362 A.2d 835. The trial court's exercise of discretion will not be disturbed so long as it could reasonably conclude as it did. *Fucci* v. *Fucci*, 179 Conn. 174, 181, 425 A.2d 592; *Ridolfi* v. *Ridolfi*, supra; *Grinold* v. *Grinold*, 172 Conn. 192, 194, 374 A.2d 172; *Aguire* v. *Aguire*, 171 Conn. 312, 314, 370 A.2d 948.

In an effort to have the trial court's assignment of property deemed an abuse of discretion, the plaintiff claims that the court erred in failing (1) to attribute fault to the defendant in causing the marital dissolution;[2] and (2) to assess properly the parties' assets and liabilities. It is clear from the plaintiff's brief that her second claim is synonymous with her attack on certain of the trial

[2] The plaintiff's complaint alleged two counts upon which her marriage to the defendant should be dissolved: (1) irretrievable breakdown and (2) intolerable cruelty. Although the court dissolved the marriage on the ground of irretrievable breakdown, the plaintiff claims she would also be entitled to a judgment of dissolution on the grounds of intolerable cruelty. We do not agree. As we stated in *Christoni* v. *Christoni*, 156 Conn. 628, 629, 239 A.2d 533, on the issue of choosing between alternative grounds for granting a divorce: "Where more than one ground for a divorce is claimed and one alleged ground is proved, it is immaterial whether or not an additional statutory ground or grounds may also exist." The fault of a party in causing a marital dissolution is material, however, to the issue of an assignment of property ancillary to the marital dissolution. General Statutes § 46b-81; *Posada* v. *Posada*, 179 Conn. 568, 427 A.2d 406. In fact, the plaintiff's brief makes clear that her desire to have the marriage dissolved on the ground of intolerable cruelty is solely an attempt to have the trial court's assignment of property deemed an abuse of discretion. In effect, the plaintiff is arguing that the trial court's conclusion that the plaintiff failed to establish a cause of action based on intolerable cruelty is erroneous and not supported by the findings. Accordingly, we address that argument in this question.

court's findings of fact detailing the personal and financial affairs of the parties.[3]  Nonetheless, the defendant has printed in his appendix evidence which supports all except one of the findings challenged as found without evidence.  Findings supported by evidence printed in the appendices to the briefs will not be stricken.  Practice Book, 1978, § 3039; *Krause* v. *Krause,* 174 Conn. 361, 364, 387 A.2d 548.  The one finding for which there is no evidentiary support in the defendant's brief is stricken.  Practice Book, 1978, § 3039; *Ledgebrook Condominium Assn.* v. *Lusk Corporation,* 172 Conn. 577, 580, 376 A.2d 60.  An examination of the draft findings the plaintiff seeks to add to the record reveals that they are immaterial to the conclusions of the court and will not be included in the finding. *Slattery* v. *Maykut,* 176 Conn. 147, 150, 405 A.2d 76; *Cutler* v. *MacDonald,* 174 Conn. 606, 610, 392 A.2d 476; *Rushchak* v. *West Haven,* 167 Conn. 564, 566, 356 A.2d 104.

The trial court's extensive and detailed finding as corrected establishes the following:  The plaintiff, Helen Hollingsworth, and the defendant, William Hollingsworth, were married on March 1, 1972, at Beverly Hills, California, and have resided in Connecticut since April of 1976.  No children were born to the couple and at the time of the trial in 1978, the plaintiff was forty years of age and the defendant was thirty-eight.  During the latter part of 1974, and during 1975, the parties traveled extensively to Mexico, Hong Kong, and Europe and neither worked.

---

[3] Those assignments of errors which the plaintiff has not briefed are considered abandoned.  Pratcice Book, 1978, § 3063; *Posada* v. *Posada,* 179 Conn. 568, 569 n.1, 427 A.2d 406; *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

Mrs. Hollingsworth was educated in Italy, spoke three languages, and studied art in preparation for her career in interior designing. During her marriage to the defendant, she earned $30,000 to $35,000 as an interior decorator when the couple was in California. Also during the marriage she received about $20,000 in rentals from real estate she owned in California. Mrs. Hollingsworth was married twice before; both of these marriages terminated in divorce and she had one child by her first husband.

Mr. Hollingsworth was a college graduate with degrees in art and business. At the time of the marriage, he was unemployed and the recipient of an allowance from his father of $900 a month. The defendant's marriage to the plaintiff was his only one. Mr. Hollingsworth was the beneficiary of trust funds established by his father and grandmother. In 1972, he borrowed $33,000 from one of the trusts for the benefit of the plaintiff so that she could purchase her partner's interest in some California realty; subsequently she repaid this loan. The defendant started selling real estate in April, 1977, and in 1977 and 1978 he earned a total of approximately $5000.

During the marriage, Mr. Hollingsworth, from all sources, deposited a total of $140,000 in the couple's joint savings and checking accounts. Mrs. Hollingsworth contributed at least $45,000 to the marriage household and all of her income went into the jointly-owned home in Connecticut. When the case was tried in 1978, the husband's total assets amounted to about $60,000 and consisted of his one-half interest in the residence he owned jointly with his wife; an automobile worth about $3500, and

half-interests in the household furniture and furnishings, and about $3000 in cash. The plaintiff's total assets at the same time amounted to approximately $300,000. Besides the property she owned in common with the defendant, she also owned commercial real estate in California, a Mercedes automobile, and jewelry, silverplate, and silverware of substantial value.[4]

The Hollingsworths commenced having problems with their relationship three months after they were married. The quarrels between them became more frequent after they moved to Connecticut and included several episodes of violence. On two occasions the police were called by the parties but no arrests were made. After Mrs. Hollingsworth instituted divorce proceedings, the parties' relations worsened and each began to entertain or reside with a person of the opposite sex.

The trial court concluded that: the marriage of the parties had broken down irretrievably; Mrs. Hollingsworth had failed to establish a cause of action based on intolerable cruelty; she has a net

[4] The trial court found that Mr. Hollingsworth's liabilities at the time of trial amounted to $3200 plus one-half of the parties' joint liabilities of $5200 which would amount to a total liability of $5800. His financial affidavit indicates that his total liabilities in March, 1978, were $5620. It is clear that the court's finding on total liability should read $5620 and that the finding of $3200 sole liability should be $3020. The defendant admits that his total liability at the time of trial was $5620 and the finding is corrected to conform to the affidavit. See Practice Book, 1978, § 3039; *State* v. *Bethea,* 167 Conn. 80, 84 n.2, 355 A.2d 6.

The plaintiff's total liabilities amount to $8478 and this fact although not included in the finding is in the plaintiff's financial affidavit and is material to the plaintiff's attack on the conclusion concerning the plaintiff's net worth, and so we add it to the finding. Practice Book, 1978, § 3039. See *Sanchione* v. *Sanchione,* 173 Conn. 397, 401, 378 A.2d 522.

worth in excess of $300,000; and Mr. Hollingsworth had contributed both substantial sums of inherited money and personal efforts to assist his wife in attaining her financial position.

A review of the trial court's extensive finding, only the highlights of which have been recounted here, demonstrates that the conclusions reached by it are amply supported by the facts found in the finding and are logical and reasonable. As such they must stand. *Russo* v. *East Hartford,* 179 Conn. 250, 255, 425 A.2d 1282. Similarly, the court's finding clearly and fairly takes into account the criteria and standards prescribed in General Statutes § 46b-81, including the statutory requirement that the trial court "consider the 'contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.' " See *Pasquariello* v. *Pasquariello,* supra, 583; *Ayers* v. *Ayers,* 172 Conn. 316, 321–22, 374 A.2d 233. We cannot say that the trial court abused its discretion in distributing the assets of the parties as rendered in its judgment.

There is no error.

In this opinion the other judges concurred.