Patricia A. Powers *v.* Joseph T. Powers

Speziale, C. J., Peters, Healey, Parskey and Armentano, Js.

Argued October 9, 1981—decision released January 5, 1982

*Thomas J. Londregan,* with whom, on the brief, was *Leo J. McNamara,* for the appellant (defendant).

*Thomas B. Wilson,* for the appellee (plaintiff).

PARSKEY, J. On June 7, 1979, the Superior Court for the judicial district of New London dissolved the marriage between the parties, divided the assets of the parties, and awarded custody of the two minor children to the plaintiff. At that time, the plaintiff did not work outside the home nor did she have any income of her own. The defendant's financial affidavit disclosed a net weekly income of $559.22. The trial court entered an order for unallocated alimony and support of $500 weekly to be paid by the defendant to the plaintiff, purportedly leaving the defendant with $59.22 for his own support.

The defendant appealed from the order of alimony and support and argued that the amount set by the trial court constituted an abuse of discretion. We heard the appeal in January of this year and, on February 10, 1981, ordered that the case be remanded for articulation as to the basis of the trial court's decision. See *Powers* v. *Powers,* 183 Conn. 124, 438 A.2d 845 (1981). The trial judge subsequently filed a memorandum of articulation stating that the court had reached its decision by taking into account how the tax consequences of an award of unallocated alimony and support would affect the amount of the parties' available income.

The parties then submitted supplemental briefs and oral argument was heard. The sole issue presently before this court[1] is whether the trial

---

[1] In addition to the award of alimony and support the court also ordered the defendant to transfer to the plaintiff his interest in the family home and in the family car. Because our earlier opinion inferentially found no error in those orders we regard that determination as the law of the case. See *Dacey* v. *Connecticut Bar Assn.,* 184 Conn. 21, 441 A.2d 49 (1981).

court abused its discretion by taking into account the tax consequences of the award of unallocated alimony and support. The defendant claims that the action by the trial court constituted an act of judicial notice and that, although it was proper for the court to take judicial notice of the existence of tax consequences, it was improper for the court to determine the specific effect of the tax consequences without first giving the defendant the chance to present evidence on the matter.

The defendant argues that in making its award the trial court erroneously and impermissibly took judicial notice of the specific tax consequences of rendering an award of unallocated alimony and support. We disagree. The trial court quite properly considered the tax consequences of its award. See *Thomas* v. *Thomas,* 159 Conn. 477, 484, 271 A.2d 62 (1970); *Seiler* v. *Seiler,* 48 Wis. 2d 400, 406, 180 N.W.2d 627 (1970). In this connection it could judicially notice pertinent federal statutes; *Theron Ford Co.* v. *Home Owners' Loan Corporation,* 120 Conn. 250, 252, 180 A. 448 (1935); and the regulations issued thereunder. Cf. 44 U.S.C. § 1507. An examination of those materials by the court would have disclosed the taxability of unallocated alimony and support; 26 U.S.C. § 22 (k) of the 1939 Internal Revenue Code; the exemption provisions; 26 U.S.C. §§ 151, 152; and the tax tables; 26 U.S.C. § 1. The application of that information to the facts of the case involved a mathematical and not an evidential problem.[2]

---

[2] In making its award the trial court was not called upon to resolve an income tax problem which involved the application of complex income tax or accounting principles. We, therefore, leave cases involving such issues for another day.

The defendant concedes, as he must, that for income tax purposes an unallocated award of alimony and support is deductible by the payor-husband and taxable to the payee-wife. *Commissioner of Internal Revenue* v. *Lester,* 366 U.S. 299, 304, 81 S. Ct. 1343, 6 L. Ed. 2d 306 (1961); *Gammill* v. *Commissioner,* 73 T.C. 921, 925 (1980). Nor does he dispute that upon application of the relevant exemptions and tax tables to the evidence before the court an award of $500 unallocated alimony and support to the plaintiff would result in a maximum tax liability for the defendant husband of $4819 or $93 per week and for the plaintiff wife of $4796 or $92 per week. His argument is that had the court put him on notice that the specific tax consequences would be considered he could have shown that the plaintiff's tax liability would be substantially less than the amount indicated above. The short answer to that argument, in view of the genesis of the taxation issue, is that "methinks thou doth protest too much." The tax issue was introduced by the defendant when on direct examination he requested that any award of alimony and support be unallocated. Once he had introduced the issue it was incumbent upon him to offer pertinent evidence supporting his position that the tax bite for the plaintiff would have been substantially less than the amount shown above. His failure to do so weakens his present claim.

The defendant's further challenge that the award itself constituted a clear abuse of discretion in that it substantially exceeded the stated needs of the plaintiff and left the defendant with the totally inadequate sum of $59.22 per week for living expenses is also without merit.

In her financial affidavit the plaintiff showed expenses of $391 per week. Her after-tax weekly income as a result of the award would amount to $408. When one considers that the affidavit did not include any item for repairs of the home which, as a result of the court order, would be borne exclusively by the plaintiff, the disparity between the request and the order is modest.

With respect to the defendant's side of the financial ledger the defendant's affidavit understates substantially his after-tax income. As the trial court stated, "[s]ince the total amount of unallocated alimony and support is fully deductible by the payor-husband herein, and taxable to the payee-wife, his net weekly wage after taxes will be approximately seventy (70.00) [dollars] less than the net weekly amount after taxes ordered paid to the wife for support of herself and the children." The defendant has not seriously challenged this calculation by the trial court.

Although the trial court arrived at its conclusions on the basis of the relative economic impact of its orders on the parties, the result would be the same if the defendant's actual disposable income were measured against his claimed needs. Omitted from the defendant's calculation of his disposable income are a $17 understatement of the defendant's weekly gross income and $148 of tax benefit due to the income tax deductibility of unallocated alimony and support. Adding the omitted items to the $59 of admitted disposable income produces a new total disposable income of $224 a week. This sum of $224 disposable income is to be compared with the court's calculation of the defendant's claimed needs. When adjusted to reflect several items disallowed by

the trial court as nonessential, the defendant's claimed needs total $288. In view of the fact that the disparity between the net incomes of the parties is not especially large and that the defendant's net income is only about $64 less than the defendant's weekly expenses that were allowed by the trial court, the abuse of discretion claimed by the defendant is by no means clear.

Applying the standard that in cases involving claimed abuse of discretion the test is whether the trial court reasonably could have concluded as it did; *Grinold* v. *Grinold,* 172 Conn. 192, 194, 374 A.2d 172 (1976); we conclude that there was no abuse of discretion in this case.

There is no error.

In this opinion the other judges concurred.