BETTE L. ELLSWORTH *v.* WHITBY K. ELLSWORTH
(3522)

DUPONT, C. J., HULL and DALY, Js.

Argued December 13, 1985—decision released April 1, 1986

*Thomas F. Parker,* with whom was *Brenda M. Bergeron,* for the appellant (defendant).

*Paul Smith,* with whom was *Gwen B. Dreilinger,* for the appellee (plaintiff).

DALY, J. This is an appeal by the defendant husband from the judgment of a state trial referee rendered in a dissolution of marriage action.

The defendant claims that the court erred (1) in valuing the stock in his closely held corporation by using a capitalization of income approach with a capitalization multiplier of ten, without expert testimony as to the appropriateness of that method of valuation, and (2) in awarding $10,000 in attorney's fees to the plaintiff.

The court found that the twenty-five year old marriage experienced an irretrievable breakdown, the major cause of which was the "actions of the defendant." The main asset of the defendant is a metal electroplating firm, known as the National Chromium Company, Inc., in which the defendant, at the time of trial, owned all of the stock. In 1979, the few remaining shares outstanding, not owned by the defendant, were purchased by National Chromium for $1800. The company had been in financial difficulty when the defendant acquired it but he has since developed it into a profitable enterprise. The book value of the company from 1980 through 1983 ranged from $215,748 to $325,700. The defendant maintained that, at the time of trial, the book value was $180,058 but that he would not sell the company for that amount. At the time of trial, the defendant owned all 1118 shares of stock of the corporation. The average profit for the five years prior to 1982 was $39.19 per share per annum.

The court further found that in 1982–83, the business was losing money and in April, 1983, there were only about thirty employees in the plant. At the time of trial in November, 1983, however, the number of employees had increased to fifty-five, working three shifts. After experiencing a loss of $23,000 for the six months prior to trial, an upturn in the profits was antic-

ipated. Part of the company's loss in 1983 was attributable to the acquisition of a majority interest in Putnam Braid, a concern which is now breaking even financially. The court further found that other than the period in 1982 and 1983, National Chromium has a good earning capacity and has shown a profit. National Chromium is paying off the company's former owner for the stock now owned by the defendant, and is leasing him premises at no profit. The defendant receives a $45,000 yearly salary from the corporation plus the use of a Mercedes automobile. The corporation owns a plant, machinery, and a lagoon in addition to property in Putnam valued at $115,000. These assets and the last six years of the company's operations were taken into consideration by the court in arriving at its figure of $300,000 as the value of the stock.

At the time of the dissolution, the plaintiff, Bette L. Ellsworth, was forty-nine years old and possessed limited skills. The plaintiff had $23,000 remaining from her mother's estate.

The defendant claims that the trial court employed the capitalization of income approach with a capitalization multiplier of ten to evaluate the 1100 shares (rounded off by the court from 1118) of stock of the company. The defendant maintains that the trial court found that the average annual per share income over six years was $27.02, which makes an average annual corporate income of $29,722. By multiplying this figure by ten, the total corporate income comes to $297,220 which the trial court rounded out to $300,000. The defendant claims this figure is not representative of the company's stock value.

This court reviews the trial court's exercise of broad discretion in domestic relations cases to determine whether it correctly applied the law and could reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn.

1, 4, 495 A.2d 704 (1985); *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984), quoting *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982).

The trial court did not restrict its analysis of the valuation, as the defendant asserts, to only the capitalization of income method. In addition, the court did not expressly state that it used a capitalization of income approach and specifically said it considered the assets of the corporation. The court considered the book value of the corporation but did not find it controlling in evaluating stock of a close corporation. The court also considered but dismissed as inapplicable the comparative sales approach. The record reveals that the court did not arrive at its valuation by narrowly relying on the use of one method. *Whitney Center, Inc.* v. *Hamden,* 4 Conn. App. 426, 427–28, 494 A.2d 624 (1985); *Welsh* v. *Independent Bank & Trust Co.,* 1 Conn. App. 14, 16–17, 467 A.2d 941 (1983).

The trial court has the discretion to accept whatever testimony and recognized appraisal methods it finds applicable; its valuation of property is reviewable only if a particular test or consideration was misapplied or overlooked. *Turgeon* v. *Turgeon,* 190 Conn. 269, 274, 460 A.2d 1260 (1983). "No single method of valuation will control in all cases." *Welsh* v. *Independent Bank & Trust Co.,* supra. The capitalization of actual income has been approved as an appropriate method of valuation. *Uniroyal, Inc.* v. *Board of Tax Review,* 174 Conn. 380, 386, 389 A.2d 734 (1978). "It is generally recognized that closely held corporate stock cannot be valued reasonably by the application of any inflexible formula. . . . Since valuation of securities is, in essence, a prophecy as to the future . . . it is important that the prognostication be based on an examination of the appropriate financial tea leaves." (Citations omitted.) *Turgeon* v. *Turgeon,* supra, 276.

Our reading of the memorandum of decision, however, does not indicate that the court relied primarily on the capitalization of income approach. If the defendant questioned the use of this method, or whether, in fact, it was used, the defendant could have moved pursuant to Practice Book § 3082[1] for the trial court to clarify its decision. *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 148–49, 477 A.2d 678 (1984).

The trial court's valuation of the defendant's property was derived from all of the relevant considerations discussed and not solely from the capitalization of income method. When all of the financial factors are examined fairly, we cannot say that the trial court could not have concluded as it did in evaluating the defendant's "one man" business. Since the court did not use a capitalization of income approach alone, we need not consider the defendant's claim concerning the need for expert testimony regarding capitalization of income.

The defendant lastly claims that the court should not have awarded the plaintiff $10,000 in attorney's fees. "Whether a party has ample liquid funds to pay counsel fees is determined by examining the total financial resources of the parties in light of the statutory factors." *Vaiuso* v. *Vaiuso,* supra, 151.

The defendant contends that the plaintiff has $23,000 in liquid assets remaining from her mother's estate which could be used to pay her counsel fees. In the granting of attorney's fees of $10,000, the trial court specifically relied on *Howat* v. *Howat,* 1 Conn. App. 400, 408, 472 A.2d 799 (1984), wherein the court held that "[t]he allowance and amount of counsel fees is left to

---

[1] Practice Book § 3082 provides in pertinent part: "Any motion seeking corrections in the transcript or the trial court record which depend on proof of matters not of record or seeking an articulation or further articulation of the decision of the trial court shall be made in the first instance to the judge of the trial court whence the appeal is taken or the reservation is made . . . ."

the exercise of judicial discretion, and the availability of cash with which to pay attorney's fees of the spouse claiming the allowance is not an absolute standard for denying an award. *Anderson* v. *Anderson,* 191 Conn. 46, 59, 463 A.2d 578 (1983). There was no abuse of discretion here, given the respective financial abilities of the parties and the statutory criteria to be heeded by the court."

There is no error.

In this opinion the other judges concurred.