## MELVIN J. JETMORE, JR. *v.* ELVIRA M. JETMORE (3423)

HULL, SPALLONE and DALY, Js.

Argued January 14—decision released April 1, 1986

*Francis J. Pavetti,* with whom, on the brief, was *Jane W. Freeman,* for the appellant (plaintiff).

*Mary E. Holzworth,* with whom, on the brief, was *Kathleen R. Gravalec,* for the appellee (defendant).

DALY, J. This is an appeal by the plaintiff husband from the denial of his motion to open and modify the judgment of dissolution of the marriage between the parties.

On May 9, 1984, the trial court issued a memorandum of decision dissolving the marriage. The judgment of dissolution provided, inter alia, that the defendant

was to quitclaim her interest in the jointly held real estate, which was the main asset of the marriage, to the plaintiff who in turn would execute a mortgage note and deed for $25,000 with interest to the defendant. No alimony was awarded to either party. The plaintiff moved to open and modify the judgment to make clear that title to the realty had not been held jointly, but was solely in the plaintiff's name, and to eliminate the execution of the mortgage note and deed by the plaintiff. The defendant moved to correct the judgment to reflect that, while the real property was not in joint names, it had been acquired by the parties during the pendency of the marriage with an equitable interest in the defendant. In a memorandum of decision dated July 10, 1984, the court denied the plaintiff's motion to open and modify but did correct the original memorandum of decision by eliminating the joint ownership reference. The court also noted the defendant's equitable interest claim and reaffirmed all other findings and orders in the original memorandum of decision. The plaintiff appealed and the defendant moved for an allowance for attorney's fees to defend the appeal and was awarded $2500 by the trial court, *Schaller, J.*

The facts are not in dispute. The parties had separated after approximately seven and one-half years of marriage. Shortly after the marriage, land consisting of 100 acres located primarily in Griswold was purchased for $80,000. Through their joint efforts, they constructed a house on the premises. At the time of trial, the residence had an appraised value of between $122,000 and $152,000, with a mortgage balance of $60,000. Both parties were employed and in poor health. The plaintiff grossed $31,000 per year in comparison to the defendant's $13,260.

Pursuant to General Statutes § 46b-81,[1] the defendant was ordered to quitclaim her equitable interest in

[1] General Statutes § 46b-81 provides in pertinent part: "ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. (a) At the time of entering a decree

the premises to the plaintiff in return for a mortgage note and deed for $25,000 payable with interest at 7 percent per annum over seven years.

The plaintiff makes the following claims on appeal: (1) that the court's original memorandum (May 9, 1984) is inconsistent with the corrected judgment (July 10, 1984), arguing that the second decision had the effect of reversing the first decision's assignment order because the defendant had only an equitable interest but not legal title to the property; (2) that because there was no cash in the plaintiff's estate the trial court invalidly assigned $25,000 in cash to the defendant; and (3) that the trial court erred in awarding $2500 to the defendant to defend the appeal.

" 'The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts.' " *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982). "The trial court is 'in a clearly advantageous position to assess all of the circumstances surrounding a dissolution action, in which personal factors such as the demeanor and the attitude of the par-

annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect. . . .

"(c) In fixing the nature and value of the property, if any, to be assigned, the court after hearing the witnesses . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

ties are so significant.' " *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985). "In determining whether the trial court could reasonably conclude as it did on the evidence before it, every reasonable presumption should be given in favor of the correctness of its action." Id.; *Kinney* v. *Kinney,* 5 Conn. App. 484, 485, 500 A.2d 569 (1985).

The trial court properly corrected the original memorandum of decision deleting the joint ownership reference. " 'It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake.' . . . If a memorandum incorrectly formalizes the decision that was reached in deliberation, it should be corrected." *Lamont* v. *New Hartford,* 4 Conn. App. 303, 306, 493 A.2d 298 (1985).

Because the first two claims of error raised by the plaintiff challenge the propriety of the trial court's award under General Statutes § 46b-81, these claims will be considered together. Section 46b-81 confers broad powers upon the court in the assignment of property and provides that the court "may assign to either the husband or wife all or any part of the estate of the other." In any order entered under § 46b-81, the court may consider such factors as the "estate, liabilities and needs of each of the parties." "We have repeatedly held that the trial court, in a dissolution action, [may exercise] wide discretion in the type and amount of alimony to be awarded . . . and in the property to be transferred." *Schmidt* v. *Schmidt,* 180 Conn. 184, 191–92, 429 A.2d 470 (1980); see *Hollingsworth* v. *Hollingsworth,* 180 Conn. 212, 213, 429 A.2d 463 (1980).

The trial court considered the feasibility of ordering a sale of the premises and also recognized that the defendant claimed an equitable interest in the real estate. Nevertheless, the trial court ordered the defendant to

quitclaim her interest in return for a mortgage deed and note. Such encumbrances upon real estate are common and sanctioned in *Garrison* v. *Garrison,* 190 Conn. 173, 176, 460 A.2d 945 (1983), *Beede* v. *Beede,* 186 Conn. 191, 197, 440 A.2d 283 (1982), and *Hollingsworth* v. *Hollingsworth,* supra, 213.

The trial court's decision falls within the purview of § 46b-81. *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 543–44, 429 A.2d 801 (1980). It is immaterial whether the real estate was in one or both names. The "estate" of the parties as referred to in § 46b-81 "comprehends the aggregate of the property and liabilities of each. . . . We construe the language of § 46b-81 to authorize the trial court to enter the order it did here. In doing so, it did not abuse its discretion." (Citation omitted.) *Schmidt* v. *Schmidt,* supra, 192. The court did not err in ordering the assignment of $25,000 in cash from the plaintiff's estate to the defendant under § 46b-81.

The plaintiff further claims that the court erred in awarding the defendant $2500 to defend the appeal. "The decision to award attorney's fees is made independently from a decision to award alimony or to assign property in a dissolution action. . . . Therefore, if a trial court does make other financial awards, this does not mean that it must also, ipso facto, make an award of attorney's fees. This is evident in the language of General Statutes § 46b-62,[2] which permits, without requiring, a trial court to award attorney's fees after considering the respective 'financial abilities' of the par-

---

[2] General Statutes § 46b-62 provides in pertinent part: "ORDERS FOR PAYMENT OF ATTORNEY'S FEES IN CERTAIN ACTIONS. In any proceeding seeking relief under the provisions of this chapter and sections 17-323a, 17-323b, 45-162, 46b-1, 46b-6, 46b-204, 47-14g, 51-348a and 52-362, the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."

ties 'and the criteria set forth in section 46b-82.'[3] . . .
We have also noted that the availability of 'sufficient
cash' to pay one's attorney's fees is not an absolute
litmus test for making an award pursuant to General
Statutes § 46b-62. . . . This is because a trial court's
discretion should be guided so that its decision regard-
ing attorney's fees does not undermine its purpose in
making any other financial award." (Footnotes added.)
*Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 32–34, 459 A.2d
498 (1983).

Whether a spouse has sufficient liquid funds to pay
for attorney's fees can only be determined by examin-
ing the total financial resources of the parties in light
of the statutory criteria. Id.; *Ellsworth* v. *Ellsworth,*
6 Conn. App. 617, 621, 506 A.2d 1080 (1986); *Vaiuso*
v. *Vaiuso,* 2 Conn. App. 141, 151, 477 A.2d 678 (1984).
"Therefore, if, on the basis of the total financial
resources of the parties, the trial court concludes that
denying an award of counsel fees would not undermine
its purpose in making its prior financial orders, the
court should allow each party to pay his or her own
counsel fees. If, on the other hand, the trial court con-
cludes, based on the total financial resources of the par-
ties, that denying an award of counsel fees would
undermine its prior financial orders, then it may award
counsel fees to the requesting party. An abuse of dis-
cretion in denying an award of counsel fees will only
be found if this court determines that the trial court

[3] General Statutes § 46b-82 provides in pertinent part: "ALIMONY. At the
time of entering the decree, the superior court may order either of the par-
ties to pay alimony to the other, in addition to or in lieu of an award pur-
suant to section 46b-81. . . . In determining whether alimony shall be
awarded, and the duration and amount of the award, the court shall hear
the witnesses, if any, of each party, except as provided in subsection (a)
of section 46b-51, shall consider the length of the marriage, the causes for
the annulment, dissolution of the marriage or legal separation, the age,
health, station, occupation, amount and sources of income, vocational skills,
employability, estate and needs of each of the parties and the award, if
any, which the court may make pursuant to section 46b-81. . . . "

could not have reasonably concluded as it did." (Citations omitted.) *Fitzgerald* v. *Fitzgerald,* supra, 34.

We cannot find that the court abused its discretion or acted unreasonably in granting the defendant's request for attorney's fees.

There is no error.

In this opinion the other judges concurred.