FAVER T. HAWKINS *v.* EDGAR M. HAWKINS III
(5014)

SPALLONE, BIELUCH and BERDON, Js.

Argued March 11—decision released June 9, 1987

*Peter M. Ryan,* for the appellant (defendant).

*Mary Ellen Wynn,* for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of the trial court rendered in a dissolution of marriage action.

After a fully contested dissolution action, the state trial referee dissolved the marriage of the parties. The court awarded the parties joint custody of the minor children with the principal residence of the children to be with the plaintiff mother, subject to reasonable rights of visitation to the defendant father.

In its memorandum of decision, the court made the following findings of fact. The parties had been married since May 9, 1970. At the time of trial, the plaintiff was 39 years old, in good health, had a college degree in fine arts and had been most recently employed as a broker at Merrill Lynch and Company earning $15,000 per year. She left her employment when this action was commenced and intends to seek further employment in the securities field with the likelihood that she will succeed. She has consistently received, over the last seven or eight years approximately $30,000 per year from a trust set up by her grandfather for her mother. The power of appointment over the trust rests in her mother and the plaintiff has no vested or assured interest in the income therefrom, and the court concluded that the plaintiff's interest in the trust was at best an expectancy. The defendant is one of the trustees of the trust and has a vote in determining if the plaintiff should receive any income or principal. The plaintiff had previously received a large distribution from the principal of the trust but the trial court found this unlikely to occur again. The plaintiff also owns about $45,000 in stocks, bonds and savings plus a prospective beneficial interest in another trust.

The defendant at the time of the trial was 42 years old, in good health and a vice-president in the New York offices of the Bank of America, earning $83,000 per

year. He has a degree from Brown University and a degree of Master of Business Administration from Stanford University. He owns about $55,000 in stocks, savings, pension and profit sharing with his company.

The principal asset of the parties is their marital home. The parties agreed that the home was valued at $425,000 and was subject to two mortgages totaling $178,000. The plaintiff contributed virtually all of her resources to the purchase and maintenance of their home, while the defendant paid the mortgage payments and contributed a small weekly sum to the family. The proceeds from the parties' first home in California also went into the purchase of the present home, but the only money provided for this first home was a loan from the plaintiff's mother which was later forgiven.

Upon granting the dissolution, the court made certain awards, the following of which are challenged by the defendant on appeal: (1) the defendant shall convey to the plaintiff his interest in the home subject to the two mortgages of record, which obligations the plaintiff assumes; (2) the defendant shall pay to the plaintiff as alimony the sum of $18,000 per year in installments of $1500 per month, for a period of three years or her sooner death or remarriage.

On appeal, the defendant claims that the trial court erred (1) in failing to consider the income tax consequences of the alimony award, (2) in failing to consider the nature of the plaintiff's interest in the trust set up by her grandfather, and (3) in assigning the marital residence to the plaintiff. We find no merit to any of the defendant's averments of error.

The defendant's first claim of error, that the trial court should have considered the tax consequences of its alimony order, has no foundation in law. Although the court may choose to consider the impact that an award may have on the parties' tax liability; *Powers*

v. *Powers,* 186 Conn. 8, 10, 438 A.2d 846 (1982); neither statute nor case law requires that a trial court consider the federal tax implications of the financial awards. *Seaver* v. *Seaver,* 10 Conn. App. 134, 521 A.2d 1053 (1987). The court's action here was not an abuse of its necessarily broad discretion. *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982); *Niles* v. *Niles,* 9 Conn. App. 240, 254, 518 A.2d 932 (1986); *Jetmore* v. *Jetmore,* 6 Conn. App. 632, 634, 507 A.2d 116 (1986).[1]

The defendant's second claim of error, that the trial court failed to consider the plaintiff's interest in her grandfather's trust, is also without merit. Here, the court, over the plaintiff's objection, admitted evidence regarding the amount of principal in the trust, the amount of income and principal received from the trust by the plaintiff, and the possible alternate dispositions of the remainder. See, *Anderson* v. *Anderson,* 191 Conn. 46, 55–57, 463 A.2d 578 (1983); *Thompson* v. *Thompson,* 183 Conn. 96, 98–99, 438 A.2d 839 (1981); *Krause* v. *Krause,* 174 Conn. 361, 364–65, 387 A.2d 548 (1978); *Rubin* v. *Rubin,* 7 Conn. App. 735, 739–44, 510 A.2d 1000, cert. granted, 201 Conn. 805, 513 A.2d 700 (1986). In its memorandum of decision, the court expressly made note of the trust, described the plaintiff's interest therein and the amount of the income and principal that had been paid to her over the years. While the defendant disputes the trial court's characterization of the plaintiff's interest in the trust as a "mere expectancy," it is undisputed that the plaintiff was guaranteed no fixed sums, or any funds at all, under

---

[1] In connection with this claim, the defendant also appears to claim that the $18,000 award over three years, although labeled alimony by the court, was actually a property settlement, and therefore should have been subject to the criteria of General Statutes § 46b-81 rather than General Statutes § 46b-82. Because the defendant has failed to set forth adequately the factual and legal basis for this claim, we decline to review it. See *Griffin* v. *Muzio,* 10 Conn. App. 90, 94, 521 A.2d 607 (1987).

the trust.[2] We cannot find from the record before us[3] that the trial court erred in refusing to consider the plaintiff's interest in her grandfather's trust.

Finally, the defendant claims that the trial court erred in assigning the marital residence to the plaintiff. There was ample evidence to support the award. As in all financial awards including the assignment of property, "[t]he power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstance which arise out of a dissolution of a marriage." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975).

There is no error.

In this opinion the other judges concurred.

---

[2] The trust was created for the plaintiff's mother by the plaintiff's grandfather. The trust allowed the trustees to make periodic distributions to the plaintiff's mother and her issue (including the plaintiff) that the trustees, in their discretion, deemed to be in the beneficiaries' best interests. The trust further provided that upon the plaintiff's mother's death, her share would pass to whomever the plaintiff's mother appointed in her will, or if no appointment was made, to the issue of the plaintiff's mother.

[3] The defendant did not file a motion for articulation in the trial court to determine the extent, if any, that the trial court considered the plaintiff's interest in her grandfather's trust in its award. See Practice Book § 4051. It is the appellant's responsibility to provide an adequate record for review. Practice Book § 4061; *Thiel Realty Corporation* v. *Culligan Water Conditioning Co.,* 9 Conn. App. 191, 192–93, 517 A.2d 1052 (1986); and under normal circumstances, as here, we will not remand to correct a deficiency the appellant should have remedied. Id.; *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983).