[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT (#211)AND DEFENDANT'S MOTION FOR MODIFICATION (#212)
As is often the case, the alleged comtemptor's defense involves much of the same evidence produced to support a modification. The court heard these two motions together. There also has been an appeal filed by the defendant of the November 17, 1993 judgment.
The defendant's evidence detailed his self-employed income and expenses from his real estate activity through the William Raveis agency. The judgment found ". . . that he presently earns an income of approximately $42,000.00 per year." Unfortunately, the opinion does not indicate the figure to be gross or net. Reference to defendant's financial affidavit dated September 14, 1993 lists $1,816.00 monthly net income. Although the trial court questioned his explanations and projections of his expenses, the court's finding is read to mean net income following Tobey v. Tobey,
CT Page 11599165 Conn. 742, 747; Collette v. Collette, 177 Conn. 465, 469.
Since the judgment, the defendant has earned $40,846.00 gross commissions and $600.00 in appraisal fees. He has little pending by way of property under contract but not closed.
After taxes and professional fees, the defendant is now earning less net income. There is no claim that he is less than diligent, cf. Miller v. Miller, 181 Conn. 610.
The court finds a substantial change has occurred in the defendant's net income and that a modification is in order. The alimony and child support order is modified and the following order is entered.
The defendant shall pay to the plaintiff the sum of $185.00 weekly as child support based on the following calculations.
 Defendant's 1994 gross $44,000.00 Overhead — 4,000.00 ----------- $40,000.00
 Standard deduction — 3,800.00 ----------- 36,200.00 Exemption — 2,450.00 ----------- 33,750.00 Income tax ($3,412.50 + 28% over $22,750.00) -6,492.50 ----------- 27,257.50 Self employment tax 14% of $40,000.00 — 5,600.00 ----------- Net disposable $ 21,657.50 -----------
Based on the prior order his income tax was 15% of $21,750.00 or $3,277.00 after deducting the $12,000.00 annual alimony.
The plaintiff's situation, with the alimony, follows: CT Page 11600
 Gross salary $ 36,808.00 Standard deduction — 5,600.00 ----------- 31,208.00 4 exemptions — 9,800.00 ----------- 21,408.00 Alimony + 12,000.00 ----------- $ 33,408.00
 Income tax ($4,575.00 + 28% over $30,500.00) — 5,390.00 ----------- $ 28,018.00
 Social Security (7.65%) on gross salary — 2,816.00 ----------- $ 25,202.00
Without alimony, the plaintiff's situation follows:
 Gross salary $ 36,808.00 Less: standard deductions — 5,600.00 ----------- 31,208.00 Less: 4 Exemptions — 9,800.00 ----------- Taxable income $ 21,408.00 Income tax 15% 3,211.00 ----------- 18,197.00 Less: Social Security — 2,816.00 ----------- Net disposable earnings $ 15,381.00
For child support, the combined net weekly income, without any alimony, is $714.00 and the guideline indicates $315.00 weekly for three children. The defendant's share, 59%, is $185.00.
The alimony order is reduced to $1.00 a year with the following result.
 The plaintiff's net disposable income $ 15,381.00 Child support + 9,620.00 ----------- Available to plaintiff $ 25,001.00
CT Page 11601
The tax considerations of an unallocated order of alimony were based on the plaintiff's bright prospects forecast by the memorandum of decision. The reverse has occurred. This new order places $9,620.00, tax exempt, into the plaintiff's hands, keeps her out of the 28% bracket, and gives the defendant a manageable child support order. Although his income tax liability may be increased $3,250.00 since he has lost his alimony deduction, the court is satisfied that the relative incomes of the parties do not warrant more than a nominal alimony order at this time. The primary consideration of this court is to remove the child support to which the plaintiff is entitled from exposure to income tax liability,Powers v[.] Powers, 186 Conn. 8, 10. The secondary consideration is to recognize the mandate of § 46b-215a-3 which presumes the guideline to be the correct amount to be awarded. No deviation criterion is found in the record. Finally, it is not equitable to allow the prior order, 75% of which is child support, to be labeled alimony when no tax saving is achieved for the custodial parent.
The judgment ordered unallocated alimony and child support through June 30, 1997. That order is modified in that the said termination date is made September 19, 1994, and the new orders are effective on said latter date.
No contempt is found since the defendant has established that he was unable to continue to pay the prior order.
Motion for Contempt (#211) is denied.
Motion for Modification (#212) is granted.
The court notes that the figures used in the foregoing analysis are approximate although based on the record.
HARRIGAN, J.