[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REARGUE, RECONSIDER AND SET ASIDE JUDGMENT (DOCKET ENTRY NO. 113.0)
The defendant's Motion to Reargue, Reconsider and Set Aside the Judgment came on to be heard on June 3, 1998. At that time, the defendant moved that her maiden name be restored to her. The court by this memorandum and at the time of the hearing ordered that defendant's oral motion be granted and ordered that the defendant's maiden name, Riki Wakeland, shall be restored to her.
The defendant by her motion raises several issues. Among these issues is one concerning the Galaxy Money Market account. Evidence of this account was offered by plaintiff's exhibit S. The John Hancock Life Insurance policy is shown on page 4 of the defendant's financial affidavit of October 6, 1997.
While the court has filed a correction to its Memorandum of Decision, more particularly, page 5, to correct the figure in the middle of page 5 from $263,000 to $203,000, it should correct, also, the total figure for plaintiff's assets to $519,310 from $509,310.
Defendant claims that the court has exceeded its authority in considering the tax aspects in this case. Such consideration has been held to be proper. Powers v. Powers, 186 Conn. 8, 10 (1982). Specifically, it is proper to take tax considerations in account in valuing a pension. Kraflick v. Kraflick, 234 Conn. 783 (1995). The defendant argues, however, that the court incorrectly applied the tax effects. The court adopted the figures presented by the plaintiff in valuing the plaintiff's 401(k) and IRA. Certainly, defendant was free to present contrary evidence during the trial.
Finally, defendant attempts to attack the court's decision on a percentage basis. The orders entered by the court have not been arrived at on a percentage basis but entirely as a "carefully crafted mosaic." Ehrenkranz v. Ehrenkranz, 2 Conn. App. 416
(1984).
Except as herein amended to change the arithmatic figure on page 5 to read $519,310 and to restore to the defendant her maiden name of Riki Wakeland, the Motion to Reargue, Reconsider and Set Aside is denied. CT Page 7084
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE