FREDERICK F. RIDOLFI *v.* AMELIA J. RIDOLFI

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued May 2—decision released July 17, 1979

*Lucy V. Katz,* with whom were *Beverly J. Hodgson* and, on the brief, *Arnold H. Rutkin,* for the appellant (defendant).

*Arthur Levy, Jr.,* with whom, on the brief, were *Warren A. Luedecker* and *Steven A. Levy,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, Frederick Ridolfi, and the defendant, Amelia Ridolfi, were married in 1941. In 1956, they jointly purchased a rest home which the defendant managed until 1963 when she became seriously ill and underwent two major surgical operations. Thereafter the plaintiff began managing the business on a full-time basis. After recovering from her operations, the defendant's work at the rest home consisted of doing the bookkeeping, cooking and cleaning. She continued her work in this fashion until 1973, when she and her husband separated. Thereafter she was denied further access to the business. During its operation, the rest home was the major source of support for the Ridolfi family. At the time of the trial, the business required substantial repairs in order to bring it into conformity with the state health and safety regulations. The plaintiff, who suffered from a number of diseases requiring frequent medical care, did not want to continue operating the rest home. The defendant also suffered from a number of ailments, including emphysema, which necessitated travel for treatment and medication every one or two weeks. The trial referee, acting as the court, ordered the rest home to be sold and the proceeds to be divided equally, and thereafter allotted the defendant alimony of one dollar a year. It is the trial referee's disposition of the rest home and its financial consequences to the defendant which is the focal point of this appeal.

The trial court concluded that the parties through their joint efforts had created the estate which they

jointly possessed at the time of trial and that, therefore, upon dissolution of their thirty-five year marriage, the accumulated assets should be divided evenly. The defendant's contention, that in reaching this conclusion the trial court considered only the length of the marriage, is not well taken. It is quite apparent from the finding and the memorandum of decision that the trial court considered not only the length of the marriage but all other appropriate factors in reaching its conclusion. See General Statutes § 46b-81. The assignment of property interests calls for the exercise of judicial discretion. *Ayers* v. *Ayers,* 172 Conn. 316, 321, 374 A.2d 233 (1977); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975). The manner in which that discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did. *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709 (1972); *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463 (1959). Applying that standard, the court's conclusion is supported by the record.

The defendant next claims that, in view of the findings that the plaintiff was employable and the defendant's income was a meager amount of Social Security, the trial court erred in entering only a nominal order of alimony. The defendant misconceives the thrust of the order. It is clear from the finding that the order of alimony of one dollar a year was to continue "until the plaintiff's earning power is ascertained when he obtains employment." Faced with an employable plaintiff but with uncertainty with respect to the extent of his earning capacity, the trial court chose to preserve for a future date the power of the court to ascertain and determine the appropriate amount of periodic ali-

mony. Under these circumstances, the trial court's nominal order was well within the ambit of its discretion.

The defendant contends that the trial court's award of $1000 for counsel fees is unreasonable in the face of her claim for $5000. We disagree. Courts ordinarily award counsel fees in divorce cases so that a party (usually the wife) may not be deprived of her rights because of a lack of funds. *Krasnow* v. *Krasnow,* 140 Conn. 254, 265, 99 A.2d 104 (1953); *Steinmann* v. *Steinmann,* 121 Conn. 498, 504, 186 A. 501 (1936). Although, in her brief, the defendant makes mention of this rule, she does not quite state nor does the record support a claim that the rule is applicable in this case. The estimated net value of the assets to be divided equally between the parties ranges from $70,000 to about $150,000. Even at the minimum estimate the defendant will not lack sufficient funds to pay additional counsel fees, assuming that the amount claimed is reasonable. Nor can it be said that the trial court, in the exercise of its discretion and in consideration of the respective financial abilities of the parties, could not have reached the result which it did.

Finally, the defendant assigns error in a ruling on evidence. On cross-examination the plaintiff denied that he ever struck his wife. On direct examination of the defendant the court sustained an objection to an inquiry respecting the plaintiff's testimony in this regard. The defendant claimed the inquiry under a generalized ground of fault and to impeach the plaintiff's credibility. Such evidence was relevant on the first ground only if violence by the plaintiff was a cause of the dissolution. General Statutes § 46-52. The defendant, however, indicated in response to questioning by the court that she did

not regard any acts of violence as contributing to the marital breakdown. Any evidence respecting violence was, therefore, properly excluded by the court as irrelevant. The claim that the evidence should have been admitted to impeach the plaintiff's credibility is equally without merit because "[a] witness may not be contradicted as to any answer he may have made in respect to an irrelevant fact." *Barlow Bros. Co.* v. *Parsons,* 73 Conn. 696, 702, 49 A. 205 (1901); *State* v. *Wilson,* 158 Conn. 321, 324, 260 A.2d 571 (1969); *Martyn* v. *Donlin,* 151 Conn. 402, 408, 198 A.2d 700 (1964).

There is no error.