Eunice Basile *v.* Canio Basile

Bogdanski, C. J., Peters, Healey, Parskey and Armentano, Js.

Argued May 8—decision released August 4, 1981

*John P. Febbroriello,* with whom, on the brief, was *Judith A. Dixon,* for the appellant (defendant).

*Ronald Cassidento,* with whom, on the brief, was *Albert E. Goring, Jr.,* for the appellee (plaintiff).

Per Curiam. The trial court's decree dissolving the marriage of the parties also ordered the defendant to pay the plaintiff $17,000 in lump sum alimony and $600 in counsel fees, and to transfer to the plaintiff all jointly owned real property, an automobile, household items, a life insurance policy, and the proceeds of an income tax refund. Asserting that the court abused its discretion in making these awards, the defendant has appealed.

---

On appeal, the defendant contends that because the court made no award of periodic alimony, the award falls solely within the ambit of § 46b-81[1] of the General Statutes as an assignment of his estate and that the award exceeds his estate.

The defendant's first contention would necessarily compel the conclusion that no lump sum alimony can be awarded pursuant to the provisions of § 46b-82.[2] The short answer is that, in contrast to § 46b-86, § 46b-82 speaks of "alimony," not "periodic alimony." Under the provisions of General Statutes § 46-21 (repealed, Public Acts 1973, No. 73-373, § 43),

[1] "[General Statutes] Sec. 46b-81. (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. (a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. . . .

"(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[2] "[General Statutes] Sec. 46b-82. (Formerly Sec. 46-52). ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. . . . In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

alimony could take three distinct forms: (1) an assignment of a part of a husband's estate, (2) an award of periodic payments from income, or (3) a specific sum of money. *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976). Under our present statutes an assignment of a specific portion of an estate is no longer "alimony" but the statute did not otherwise change the previously established usage of the term "alimony." The trial court, in a dissolution action, therefore has the power to award to one party lump sum alimony which exceeds the size of the other's estate, if the court's consideration of all the factors listed in § 46b-82 reasonably supports such a lump sum.

The court had the following evidence before it. The parties were married thirty-four years and had two adult sons. The breakdown of the marriage was caused by the defendant's living with and sharing a home with another woman in Massachusetts. The plaintiff was fifty-six years of age and in poor health, suffering from arthritis of the spine.[3] She had been a housewife during the entire marriage and possessed no vocational skills other than that of hairdressing. Her only source of income was twelve dollars per week from her part-time hairdressing. The defendant was a sixty-year-old truck-driver who in 1977 earned $20,000 and in 1978 earned $25,000, plus weekly contributions of thirty-two dollars to his pension fund and ten dollars to a health and welfare fund. In November, 1978, he had a balance of $5820 in his credit union account. The plaintiff commenced this action in April, 1978. In the spring of 1978, the defendant transferred

---

[3] On October 23, 1980, the plaintiff died intestate. Her administrator, David J. Frauenhofer, has been substituted as a party.

between $10,000 and $25,000 to a son.[4] In July, 1978, he conveyed his one-half interests in two parcels of land in Harwinton to his sons. One parcel was two acres, the other was five acres. The defendant did not receive any consideration for the transfers of cash or real property.

In determining whether the court abused its discretion, the ultimate question is whether the court could have reasonably concluded as it did. This court has repeatedly stated that because trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all the surrounding circumstances and the appearance and attitude of the parties are so significant, the court's broad discretion in determining a trial assignment of property and the type, amount, and duration of alimony will not be disturbed as long as the court reasonably could have concluded as it did. *Ridolfi* v. *Ridolfi,* 178 Conn. 377, 423 A.2d 85 (1979) ; *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 413 A.2d 854 (1979) ; see also *Posada* v. *Posada,* 179 Conn. 568, 572, 427 A.2d 406 (1980), and cases cited therein. In *Jacobsen,* we stated that considerable weight is to be accorded the action of the trial court and every reasonable presumption given in favor of its correctness, since it is in the sole province of the trier to pass upon the credibility of the witnesses and the weight to be accorded the evidence. *Jacobsen* v. *Jacobsen,* supra, 263.

---

[4] The amount of the cash transferred is the only factual dispute between the parties. Although the defendant asserts that the $10,000 figure is accurate, he conceded at oral argument that the testimony regarding the defendant's bank accounts was confused. The defendant does not claim that the court erred when, in making the financial awards, it considered the assets he transferred without consideration.

On the basis of the evidence and the law applicable thereto, we conclude that the trial court reasonably could have concluded as it did conclude.[5]

There is no error.

---

[5] The defendant concedes that the records and briefs are sufficient for the purposes of this appeal despite the brevity of the memorandum of decision.