LUCILLE M. TUTALO *v.* FRANK A. TUTALO

PETERS, HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued April 2—decision released June 1, 1982

*Joseph F. Keefe,* for the appellant (plaintiff).

*Gary I. Cohen,* with whom, on the brief, was *John C. Bullock,* for the appellee (defendant).

PETERS, J. In this action for dissolution of marriage, the sole issue before us is whether the trial court abused its discretion in its award of lump sum alimony to the plaintiff, Lucille M. Tutalo. The plaintiff and the defendant, Frank A. Tutalo, stipulated in court to the irretrievable breakdown of their marriage. The plaintiff contends that she was entitled either to permanent periodic alimony or to greater lump sum alimony than the court awarded to her.

The trial court's finding of fact is unchallenged on this appeal. At the time of the dissolution of their twenty-six year long marriage, the parties were both in their late forties. The defendant was in good health, and the plaintiff's health, despite

her complaints of migraine headaches, was not so poor as to prevent her employment as a secretary or a bookkeeper. The parties had no children.

The parties had the divergent employment records that are often encountered in marital cases of this kind. Since 1960, the plaintiff has worked only by assisting the defendant in his business through the performance of typing services at home for about fifteen hours a week. The defendant, on the other hand, has become the sales manager of an established company, where he earned, in 1979, a salary of $34,000 and had vested fringe benefits totalling $176,000. In addition, his employment furnished him with an expense account and access to a company car.

During their marriage, the parties had acquired a jointly owned family home, now free of encumbrances, having a value between $53,000 and $65,000. They owned jointly 220 shares of Tenneco, Inc. stock, worth $8000. The defendant owned a 1977 Thunderbird car that was being used by the plaintiff at the time of the dissolution action.

The court made no specific findings about the causes for the marital breakdown, although it noted that there had been recurrent marital difficulties before the present dissolution action. Divergencies in the parties' life style and complaints about their relative sexual behavior apparently were contributing factors. The court found that the plaintiff had been a faithful wife and the defendant a good provider.

The court acknowledged the disparity in the parties' ability to procure and to hold gainful employment. Relying, however, on the plaintiff's own tes-

timony that she had been gainfully employed in the past at a specific hourly rate and that she would seek employment in the future, the court, in its award, evidently considered the plaintiff to have a present earning capacity. The court's award gave the plaintiff: the defendant's share in the jointly owned home and stock; the furnishings in the house except for a desk and two chairs; the Thunderbird car; full title to all jewelry received from the defendant; lump sum alimony of $35,000 payable at the rate of $100 a week; and counsel fees in the amount of $2000.

Since the plaintiff takes no issue with any of the facts found by the trial court, the only question we must address is whether the court's award constitutes an abuse of its discretion. As we have repeatedly held, the trial court's orders in matrimonial matters will be presumed correct because the trial court is in a clearly advantageous position to assess all of the circumstances surrounding a dissolution action, in which personal factors such as the demeanor and the attitude of the parties are so significant. *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982); *Yontef* v. *Yontef,* 185 Conn. 275, 279, 440 A.2d 899 (1981); *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979). The record rebuts the plaintiff's contention that, in exercising its discretion, the trial court failed to consider the relevant statutory criteria. The court expressly referred to the relevant statutory provisions, General Statutes §§ 46b-81 and 46b-82. Our case law is clear that a trial court is free to weigh the relevant statutory criteria without having to detail, in its memorandum of decision, what importance it has assigned

to the various statutory factors. *Scherr* v. *Scherr*, 183 Conn. 366, 368, 439 A.2d 375 (1981); *Posada* v. *Posada,* 179 Conn. 568, 573, 427 A.2d 406 (1980); *Fucci* v. *Fucci,* 179 Conn. 174, 181, 425 A.2d 592 (1979). What we are left with is the argument, not unfamiliar in matrimonial appeals, that the trial court failed to weigh the criteria equitably and thus arrived at an impermissible award.

We do not agree with the plaintiff that this is one of those exceedingly rare instances, such as *McPhee* v. *McPhee,* supra, 177, in which there has been such a manifest abuse of discretion that we should find error in the trial court's financial award. The gravamen of the plaintiff's appeal is that the prospects for her employment are so speculative that the trial court was obligated to enter an order which would take that uncertainty into account. According to the plaintiff, the court ought either to have awarded permanent periodic alimony, which would have been subject to modification in the event of a substantial change in circumstances, or to have entered an award for much higher lump sum alimony to insure her against unforeseen circumstances. The difficulty with this position is twofold. The trial court's finding of the plaintiff's employability has not been directly attacked as unsupported in the evidence presented at the trial. Given that finding of fact, the trial court's determination of the weight to be assigned to the conceded discrepancy between the parties' earning capacity is not independently reviewable. The statutes assign no particular priority to any single criterion in the fashioning of an award of lump sum alimony. See *McPhee* v. *McPhee,* supra, 172; *Basile* v. *Basile,* 185 Conn. 141, 143, 440 A.2d 876 (1981).

The final ground assigned as a basis for error is the court's failure to award the plaintiff a share in the defendant's benefits package. Considering the transfer of most of the defendant's other assets to the plaintiff, we decline to conclude that this failure was an abuse of discretion. Nothing in the governing statutes requires awards of alimony to distribute all property equally between the parties. See *Basile* v. *Basile,* supra; *Fucci* v. *Fucci,* supra, 183.

There is no error.

In this opinion the other judges concurred.