BENJAMIN P. TRIVELLI *v.* RUTH A. TRIVELLI
(4010)

SPALLONE, DALY and BIELUCH, Js.

Argued October 8—decision released November 19, 1985

*Susan W. Wolfson,* with whom, on the brief, was *Donna D. Morris,* for the appellant-appellee (defendant).

*Richard A. Dice,* with whom, on the brief, were *Mary B. Ryan* and *Francis A. Miniter,* for the appellee-appellant (plaintiff).

SPALLONE, J. The defendant has appealed[1] from the trial court's modification of an alimony award. The plaintiff has filed a cross appeal.

The defendant claims that the trial court erred (1) in finding that the defendant could earn more income,

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

(2) in finding that the modification award meets the needs of the defendant, and (3) in failing to order adequate relief for the defendant.

The plaintiff's cross appeal contests the finding that the defendant suffered an unforeseen substantial change in circumstances, which supported an upward modification of alimony. The plaintiff also claims as error the court's failure to find that the plaintiff suffered an unforeseen substantial change in his circumstances for the worse.

The marriage of the parties was dissolved in 1980. Since the dissolution, the defendant has filed four motions in the trial court seeking to open and modify the judgment. The first three motions were denied. After a contested hearing on the fourth, which was heard with the plaintiff's motion for modification, the trial court opened the judgment and modified the alimony award upward from $300 per week to $335 per week. The court also ordered the plaintiff to pay for the defendant's health insurance.

The defendant's first and second claims of error, as well as both of the plaintiff's claims of error, attack the factual findings of the trial court. Our review of the record and transcripts discloses that there was ample evidence to support the trial court's findings.

"A factual finding may not be rejected on appeal merely because the reviewing judges personally disagree with the conclusion or would have found differently had they been sitting as the factfinder. . . ." *Lupien* v. *Lupien,* 192 Conn. 443, 446, 472 A.2d 18 (1984), quoting *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982). The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in light of its observations of the demeanor, attitude and conduct of the witnesses

and parties, which observations are so significant in assessing the circumstances, and which are not fully reflected in the printed record on appeal. *Lupien* v. *Lupien,* supra, 445; *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982); *Stearns* v. *Stearns,* 4 Conn. App. 323, 327, 494 A.2d 595 (1985).

The final claim of error for our consideration is the defendant's contention that the trial court's order increasing the alimony and ordering health insurance payments was inadequate and, therefore, an abuse of the trial court's discretion.

"The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975); *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 147, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984). For that reason, the trial court is afforded broad discretion in formulating awards in such actions. As a reviewing court, we are limited to determining whether the trial court abused its discretion in making those awards. *Barnes* v. *Barnes,* 190 Conn. 491, 494–95, 460 A.2d 1302 (1983); *Vaiuso* v. *Vaiuso,* supra. For us to conclude that the trial court abused its discretion, we must find that the court "either incorrectly applied the law or could not reasonably conclude as it did." *Sweet* v. *Sweet,* 190 Conn. 657, 664, 462 A.2d 1031 (1983); *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). Having reviewed the record and the evidence in this case, we conclude that the award of the trial court was clearly within the parameters of its broad discretion and was in accordance with the law and the evidence.

There is no error on the appeal or on the cross appeal.

In this opinion the other judges concurred.