MARCIA DUNN *v.* JOHN DUNN
(3823)

HULL, SPALLONE and DALY, Js.

Argued January 17—decision released March 11, 1986

*Brian J. Farrell,* for the appellant (defendant).

*Robert K. Wynne,* for the appellee (plaintiff).

PER CURIAM. The only issue in this appeal involves the propriety of the trial court's action in granting the plaintiff's motion to open the judgment modifying the award of alimony made incident to the judgment dissolving the parties' marriage.

No useful purpose could be served by our reciting here the labyrinthian procedural morass through which this case has meandered. Suffice it to say that the trial

court was confronted with complex legal entanglements, the resolution of which required the court to exercise its power to act equitably. This power "is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975); *Trivelli* v. *Trivelli,* 5 Conn. App. 488, 490, 500 A.2d 244 (1985); *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 147, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984).

" 'A motion to open . . . is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless [the court] acted unreasonably and in clear abuse of its discretion. See *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009 (1979); *State* v. *Fahey,* 147 Conn. 13, 15, 156 A.2d 463 (1959). In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *State* v. *Bitting,* 162 Conn. 1, 11, 291 A.2d 240 (1971); *E.M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959).' " *Acheson* v. *White,* 195 Conn. 211, 214–15, 487 A.2d 197 (1985), quoting *Celanese Fiber* v. *Pic Yarns, Inc.,* 184 Conn. 461, 466–67, 440 A.2d 159 (1981). For us to conclude that the trial court abused its discretion we must find that the court "either incorrectly applied the law or could not reasonably conclude as it did." *Sweet* v. *Sweet,* 190 Conn. 657, 664, 462 A.2d 1031 (1983); *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982); see *Banks* v. *Evans,* 6 Conn. App. 175, 504 A.2d 522 (1986).

Our review of the record, transcript and briefs fails to disclose that the trial court abused its discretion. The action taken by the court was well within the parameters of its authority and was in accordance with the law.

There is no error.