## JOYCE ANN DOUGLAS *v.* LYNN EARL DOUGLAS
### (4162)

DUPONT, C. J., HULL and BORDEN, Js.

Submitted on briefs March 27—decision released April 22, 1986

*Nicholas L. Marien* filed a brief for the appellant (defendant).

*Neil F. Murphy, Jr.,* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant husband in this dissolution case appeals from the judgment of the trial court assigning his interest in the family dwelling to the plaintiff wife and awarding her $40 per week alimony for life or until her remarriage. He particularly stresses his claim that the trial court failed to consider the financial contributions he made toward the purchase and repair of that house. According to the defendant, the court's omission violated the clear mandates of General Statutes § 46b-81 (c), which requires the court, when assigning real estate pursuant to a dissolution, to consider "the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

The defendant's argument is unavailing. While the defendant asserts strenuously that he contributed approximately $20,000 to repair the house, and that the trial court erred by not considering this amount when making its award, the trial court never found that

the defendant made such a contribution. Nor did the defendant make a motion requesting that the trial court articulate its decision to include such a finding. Accordingly, he has not met his burden of providing a record adequate to show that the trial court erred. *Grunschlag* v. *Ethel Walker School, Inc.*, 189 Conn. 316, 320, 455 A.2d 1332 (1983).

We note that even if we were to credit fully the defendant's claims, we would not disturb the trial court's decision. Given the trial court's findings that the plaintiff inherited a 50 percent interest in the house, that she made only about 50 percent of the amount the defendant earned, and that her ability to acquire capital assets in the future was less than that of the defendant, we could not say that the court acted unreasonably in concluding as it did. *Basile* v. *Basile*, 185 Conn. 141, 144, 440 A.2d 876 (1981).

After a careful examination of the record and of the court's factual findings, we conclude that the trial court's division of the property was well within the necessarily broad discretion it enjoys in such a case. *Barnes* v. *Barnes*, 190 Conn. 491, 495, 460 A.2d 1302 (1983); *Bratz* v. *Bratz*, 4 Conn. App. 504, 507, 495 A.2d 292 (1985); *Vaiuso* v. *Vaiuso*, 2 Conn. App. 141, 147, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984).

There is no error.