JOAN G. WARWICK *v.* JOSEPH E. WARWICK
(3936)

DUPONT, C. J., BORDEN and DALY, Js.

Argued March 13—decision released May 13, 1986

*Roland F. Moots, Jr.,* with whom was *Theresa B. D'Alton,* for the appellant (defendant).

*Robert V. Cimmino,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from an order of the trial court which decreased rather than terminated his alimony payments pursuant to General Statutes § 46b-86 (b).

Section 46b-86 (b) grants to the Superior Court the discretion to "suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party." Upon a finding that a party receiving periodic alimony is living with another person resulting in a change of financial circumstances, the issue of whether such payments should be suspended, reduced or terminated is a matter of trial court discretion. See *Duhl* v. *Duhl,* 7 Conn. App. 92, 94, 507 A.2d 523 (1986). A trial court's exercise of discretion may be disturbed on appeal only where such discretion has been abused. See *Pickman* v. *Pickman,* 6 Conn. App. 271, 276–77, 505 A.2d 4 (1986). "For us to conclude that the trial court abused its discretion we must find that the court 'either incorrectly applied the law or could not reasonably conclude as it did.' *Sweet* v. *Sweet,* 190 Conn. 657, 664, 462 A.2d 1031 (1983) . . . ." *Dunn* v. *Dunn,* 6 Conn. App. 381, 382, 505 A.2d 740 (1986). Every reasonable presumption shall be made in favor of the trial court's action. *Dunn* v. *Dunn,* supra.

The defendant's motion for modification of judgment requested that his alimony obligation be terminated. The trial court did not grant the requested termination, but concluded that the plaintiff's living arrangements

caused a sufficient change in financial circumstances to warrant a reduction of her alimony to $200 per month.

The trial court made the following factual findings. On July 13, 1976, judgment was rendered dissolving the marriage of the parties and the defendant was ordered to pay $400 per month as periodic alimony. In 1979, the plaintiff began living with another person who pays to the plaintiff $100 per week, or approximately $400 per month, for his food and other living expenses. He also performs handyman chores which included the construction of a deck on the outside of the plaintiff's house.

The defendant argues that the trial court found facts which require termination of his obligation to pay alimony. He argues that the weekly contributions by the plaintiff's live-in companion to the plaintiff are a "complete and total duplication" of his alimony payments. While there was a finding effectively demonstrating that the man with whom the plaintiff was living contributed to her a monthly sum and services which equalled or exceeded that of the monthly periodic alimony paid by the defendant, there is no finding that this money was only for the plaintiff's use. The trial court found that an undetermined portion of that weekly cash payment was used for "his food and other living expenses." In the absence of a finding that the plaintiff was receiving some portion or all of such funds solely for her personal consumption, the defendant's argument that the payments were a duplication of the defendant's obligation loses its force. We cannot find, therefore, that the trial court could not have reasonably concluded as it did.

There is no error.