[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of a motion for the payment of attorney's fees which fees were incurred to defend an appeal.
Jean Molitierno n/k/a (plaintiff) instituted a dissolution action against Carmen Molitierno (defendant) by complaint dated August 21, 1986. Thereafter on July 23, 1987, the marriage between the parties was dissolved by the court (Henebry, State Trial Referee) after the parties had entered into a detailed financial settlement, which settlement is more fully set forth in the judgment file. At the time, no counsel fees were awarded to either party.
Subsequent to the dissolution, other matters came into dispute between the parties, and a memorandum of decision dated August 30, 1988 was filed by O'Brien, J. resolving their particular difficulties. After O'Brien J. denied a motion to open the aforesaid judgment in decision dated December 13, 1988, the defendant appealed the matter to the Connecticut Appellate Court.
The appeal was argued on January 14, 1990 and a decision was released on January 20, 1990; and the matter was published in the Connecticut Law Journal on February 20, 1990 in a Per Curiam decision known as Jean Molitierno v. Carmen Molitierno, 20 Conn. App. 824. Up to this point in the history of this matter, the plaintiff had not requested the court to order the defendant to pay any of her counsel fees.
Thereafter, the plaintiff filed the instant motion requesting that the defendant pay her counsel fees that she incurred in defending the aforementioned appeal. It was her claim and it was agreed to by the defendant that she incurred counsel fees in the CT Page 1202 amount of $12,584.00 which fees she has paid.
At the hearing, the plaintiff submitted a financial affidavit showing assets in the amount of $257,415.50. Included in this sum was $33,575.75 in checking, savings and certificates of deposit; and she had no liabilities other than two small mortgages in the amount of $27,051.75 on properties valued at $193,948.25. The defendant did not file a financial statement; but he stipulated that he has the ability to pay any award of counsel fees entered by the court.
 ". . . .Counsel fees are not to be awarded merely because the obligor has demonstrated an ability to pay. `Courts ordinarily award counsel fees in divorce cases so that a party (usually the wife) may not be deprived of her rights because of lack of funds. Krasnow v. Krasnow, 140 Conn. 254, 265, 99 A.2d 104 (1953); Steinmann v. Steinmann, 121 Conn. 498, 504, 186 A. 501 (1936).' Ridolfi v. Ridolfi, 178 Conn. 377, 380, 423 A.2d 85 (1979). In making its determination regarding attorney's fees the court is directed by General Statutes Section 46b-62 to consider the respective financial abilities of the parties.
Blake v. Blake, 211 Conn. 485, 488.
 The trial court may, pursuant to General Statutes Section 46b-62, award counsel fees to a party in a dissolution action in accordance with their respective financial abilities and the criteria set forth in Section 46b-82. Holley v. Holley, 194 Conn. 24, 34, 478 A.2d 1000 (1984). "`That a party has sufficient funds to pay the attorney does not preclude an award for counsel fees. Arrigoni v. Arrigoni, 184 Conn. 513, 519, 440 A.2d 198 (1981). Rather, the question the court must address is whether the defendant had ample liquid funds to pay counsel fees. Koizim v. Koizim, 181 Conn. 492, 435 A.2d 1030 (1980)." Eldridge v. Eldridge, 4 Conn. App. 489, 494, 495 A.2d 283 (1985). In determining whether a party has "ample liquid funds" to pay counsel fees the trial court must examine the total financial resources of the parties in light of the CT Page 1203 statutory criteria. Venuti v. Venuti, 185 Conn. 156, 163, 440 A.2d 878 (1981).
Green v. Green, 13 Conn. App. 512, 515.
 . . . . Punishment of a litigant should play no role in the determination of the issue of awarding attorney's fees.
Blake v. Blake, 211 Conn. 485, 488.
In the instant matter, the plaintiff was not deprived of her right to defend the appeal. She was able to pay her attorney's fees without any claim that it reduced or eliminated her assets. She did not have to sell or encumber any of her resources to pay her attorneys. The attorney's fees were paid for over a substantial period of time; and during this time, the plaintiff had responsible employment making a substantial income.
It is important to note that the plaintiff seeks counsel fees as they apply to the appeal; and she makes no claim for fees incurred prior to the taking of the appeal. The plaintiff would want an inference drawn that the appeal was frivolous in that the Appellate Court decision stated: "There is no error". No such inference is warranted; and even if such an inference were warranted, such an inference could not be used as a basis to award counsel fees.
The only logical conclusions that can be drawn is that the plaintiff had "ample liquid funds" to pay for her attorney fees, that she was not deprived of her rights because of lack of funds and that it did not interfere with any other financial awards entered on prior occasions.
Accordingly, the plaintiff's motion for an award of attorney's fees to defend the appeal is denied.
BYRNE, J.