[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present proceeding arises out of a motion to terminate health insurance coverage.
A review of the evidence and prior court proceedings disclose the following factual picture: On June 29, 1988, the court, Lavery, J., dissolved the marriage of the parties. At the time of said dissolution, the court ordered among other things that the defendant husband maintain such health insurance, i.e. Blue Cross, Blue Shield, Major Medical and/or equivalent medical and dental insurance, for the period as provided by state and federal law, i.e. thirty-six months from the date of the decree of dissolution. Presently the plaintiff wife has been cohabitating with one Raymond Demers for approximately one year and she is nine months pregnant with his child.
The defendant husband has filed a motion to terminate the health insurance coverage order on the basis that the plaintiff wife is cohabitating with an unrelated male and is pregnant with his child.
General Statutes Section 46b-86 (b) CT Page 137 grants to the Superior Court discretion to "terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances as to alter the financial needs of the party."
Duhl v. Duhl, 7 Conn. App. 92, 93 (1986). In order for a modification of a previous decree, it must be shown that the plaintiff wife is cohabitating with another person and as a result of this living arrangement, it has caused a change of circumstances as to alter the financial needs of that party.
There is no doubt that the plaintiff wife is cohabitating with an unrelated individual and is going to have his baby. However the defendant husband has produced no evidence that this living arrangement has caused a change of circumstances as to alter the financial needs of that party.
Accordingly, the motion to terminate the health coverage for the plaintiff wife is denied.
BYRNE, J.