[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This twenty four year marriage which produced four children, three of whom survive, was dissolved on September 24, 1986. The plaintiff husband was ordered, inter alia, to pay the wife $80.00 per week as alimony. The husband now moves to "reopen and modify said judgment to decrease the amount which he is to pay to the wife weekly as alimony", because "the wife is cohabitating with another person, the wife's financial needs have been altered because such living arrangements, the wife's earning capacity has increased and the husband's earning capacity has decreased."
Connecticut General Statutes 46b-86 (b) states that the Superior Court may, in its discretion and upon notice and hearing, modify a dissolution judgment and suspend, reduce or terminate an alimony award "upon a showing that the party CT Page 6597 receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party." General Statutes 46b-87 (b). See also Kaplan v. Kaplan,186 Conn. 387, 388-89.
The plaintiff husband called a Mr. Frank Radin who testified that the defendant wife has been living in his four bedroom two level home since November, 1991. He occupies the main downstairs bedroom while she sleeps in an upstairs bedroom. Mr. Radin is retired and relates they usually eat dinner together, share the cooking and split the grocery bills. He further testified they go shopping together and to the movies and generally socialize. He stated that they have gone to Miami, Florida and Long Island on trips together.
The defendant wife, age 52, appeared pro se and testified that until November, 1991 she lived in Milford with her children. In November, she rented a part of a home at 510 Woodstock Avenue, Stratford which was owned and occupied by Frank Radin. She testified that she pays rent of $150.00 weekly and spends $125.00 weekly as her share of the food. She claims that this arrangement was necessary so that she could save money with which to pay dental bills.
The plaintiff husband, age 57, remarried in 1989. He continues to work as an automobile salesman and claims to be making less money now than at the time of the dissolution. His present wife is employed and files a separate income tax return. She owns a car and the residence they occupy with no mortgage.
The issues the court must examine are whether the defendant is living with Mr. Radin under circumstances as to alter her financial needs, 46b-86 (b) and or whether there has been a substantial change in the in the circumstances of either party,46b-86(a).
The court has considered the testimony of the parties, all of their past and current financial affidavits as on file, all of the evidence presented by the witnesses and Connecticut General Statute 46b-86 (a) and (b). The court has further considered the cases which have interpreted said statute including Kaplan v. Kaplan, 186 Conn. 387, Duhl v. Duhl, 7 Conn. App. 92
cert. denied 200 Conn. 803, Warwick v. Warwick, 40 Conn. Sup. 250, affirmed 7 Conn. App. 361 and Taylor v. Taylor,17 Conn. App. 291.
Based upon all of the foregoing, the court concludes that CT Page 6598 the plaintiff husband is entitled to a reduction in the amount of alimony from the $80.00 which he currently pays to $55.00.
BALLEN, JUDGE