[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a full hearing on the defendant's motion to modify child support, for counsel fees and contempt and on the plaintiff's motion for contempt, the court based on a preponderance of the credible, relevant and admissible evidence finds the facts, concludes and rules as follows:
The parties to this action were married on December 21, 1974. There are two children issue of this marriage, Carter, Jr., born January 13, 1981 and Robert, born January 26, 1984.
The marriage of the parties was dissolved on June 23, 1987 pursuant to a judgment rendered by the supreme court in the state of New York. The foreign judgment was made a judgment of this state pursuant to Conn. General Statutes Sec. 46b-71.
On November 18, 1986, the parties executed a property settlement agreement in the state of New York. The payments agreed to in the separation agreement were based upon the 1985 incomes of the parties. In that year, the parties gross income was approximately $115,419, all of it CT Page 10848 attributable to the plaintiff.
Article 8 of the separation agreement obligated the plaintiff to pay to the wife for her support and maintenance and for that of the two minor children the sum of $35,000 per year until December 30, 1991, at which point payments for the support of the defendant would cease and payments for the support of the minor children would continue at the rate of $5,500 per child, per year, payable semi-monthly at $229.16.
Article 8 of this separation agreement provided:
 "The parties specifically agree that the support payments set forth in paragraph 3 of this article shall be incorporated and merged in any judgment of divorce granted by the court. The parties acknowledge that they have been advised by their attorneys that the merger grants said court on-going jurisdiction to modify the support conditions contained in paragraph 3 based both upon a change in the financial circumstances of the parties and the needs of the children in accordance with the case law of the state of New York.
On June 23, 1987, judgment entered in the state of New York dissolving the parties marriage and incorporated therein the support and maintenance provisions outlined in the separation agreement and included the following language ". . . . support payments set forth in this section shall merge in this judgment of divorce pursuant to the terms of article 8 of the parties agreement made November 18, 1986. . . ."
Subsequently, the defendant moved to Essex, Conn. and the plaintiff moved to Stamford, Conn., although he continued his employment in the state of New York.
The plaintiffs annual income through salary and bonuses was as follows:
Year Amount CT Page 10849 1985 $115,419. 1986 144,238. 1987 200,690. 1988 340,162. 1989 396,503. 1990 375,969. 1991 339,509. 1992 320,000.
During the same period the defendant reported little income aside from the support payments except for the years 1990 and 1991 when she reported income as a real estate agent which reached approximately $36,480. in 1991. Due to the poor state of the real estate market she currently is receiving little or no income from real estate commissions.
The court takes jurisdiction over this matter pursuant to Conn. General statute Sec. 46b-71 and holds that is has the power to modify the New York judgment as to child support, because the separation agreement re: child support was merged into and became part of the judgment of the New York court. Agreements which merge are subject to modification or annulment, the same as any award. However, although this court is bound by Gen. Statutes Sec. 46b-71 to apply the substantive law of New York state, ". . . in modifying, altering, amending, setting aside, vacating, staying, or suspending any such foreign matrimonial judgment in this state. . . ", it will do so only if, ". . . such foreign matrimonial judgment does not contravene the public policy of the state of Connecticut." This court expressly holds that the application of New York law does not contravene the public policy of this state and does empower this court to modify the child support to an amount that it deems fair, just and equitable under New York law.,
Under New York law the court must after hearing held, determine; (1) whether the alleged change in circumstances warrant modification, Funt v. Funt, (1985) 65 N.Y.2d 93,493 N.Y.S.2d 303, 482 N.E.2d 1219, and (2) if there has been an "unanticipated" change in circumstances the court must determine if there has been a change in the childrens needs. Boden v. Boden, (1977) 42 N.Y.2d 210,310 N.Y.S.2d 701.
This court based upon a preponderance of the CT Page 10850 credible evidence expressly finds that there has been a substantial unanticipated change in the circumstances of the parties since the entry of their divorce decree and also that the needs of the children have substantially increased.
The court has familiarized: itself with the applicable New York law and notes with approval New York Domestic Relations Law, Sec. 240(f) (3) "The standard of living the child would have enjoyed had the marriage or household not been dissolved", as one of the criteria to be considered in fashioning a child support, order. Certainly, the present order of $11,000 per year for two children can in no way meet the standard of living expectations of children whose father earns over $300,000. per year. This standard, along with the other criteria enunciated in Sec. 240(f), has been fully considered by the court;
The court also notes that, like Connecticut, New York has adopted child support guidelines but, unlike Connecticut, has not made such guidelines retrospective and applicable to judgments entered prior to New York's enactment of guidelines.
But the guidelines, either of New York or Connecticut, reflect the public policy of these states and although, they, under the facts and circumstances in this case, do not mandate guideline amounts, they serve to establish parameters within which an equitable award may be fashioned.
In summation, the court finds that: (1) Since the date of the New York judgment, there has been an unanticipated change in circumstances of the parties in particular the salary increase of the plaintiff to $320,000. per annum; (2) an upward change in the needs of the minor children; (3) that under the present circumstances, the best interests of the minor children are not served by the present support payments of $5,500 per child per year, total $11,000; (4) that the defendant has an earning capacity approximately one-tenth that of the plaintiff, and; (5) an upward modification of the plaintiff's obligation is mandated by the changed circumstances of the parties.
Although, under New York law, the child support standards in and of themselves do not constitute a change in CT Page 10851 circumstances, Sec. 240(L), such standards may serve as a guide in determining the amount of any award or modification. The Connecticut guidelines also indicate the public policy of this state. In Connecticut when the net pay of the parents exceed $1,500 per week the guidelines indicate a minimum payment of $540 per week for the support of two children. New York guidelines provides, where the gross parental income exceeds $80,000, that 25% of such income or the considerations set forth in New York Domestic Relations Law Sec. 240 sub (f) (sub 1 thru 10), may be utilized in establishing support payments.
Accordingly, guided by New York law and the public policy of both New York and Connecticut, which the court believes to be, in essence the same, the court finds that the child support payments should equitably in fairness and justice be in the amount of $1000 per week for the support of the minor children. It is also found that the defendant has an earning capacity allowing her to contribute $100 per week towards child support.
Therefore the judgment is modified to the extent that the plaintiff is ordered to pay to the defendant for child support the sum of $900 per week payable weekly and retroactive to March 23, 1992.
The court finds that neither party has committed a wilfull contempt of court and denies the parties motions for findings of contempt.
Further, the court orders the plaintiff to pay $10,000 to the defendant, towards her counsel fees, within 90 days of this order. In awarding counsel fees, the court has considered the respective financial abilities of the parties as directed by Conn. General Statutes Sec. 46b-62. See also, Krasnow v. Krasnow, 140 Conn. 254, 265,99 A.2d 104 (1953); Steinmann v. Steinmann, 121 Conn. 498, 504,186 A. 501 (1936); Ridolfi v. Ridolfi, 178 Conn. 377, 380,423 A.2d 85 (1979).
No other costs to either party.
SPALLONE STATE TRIAL REFEREE CT Page 10852