[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEAL FROM FAMILY CT Page 1427
SUPPORT MAGISTRATE'S DECISION
The plaintiff appeals a decision of the family support magistrate denying the plaintiff's motion to modify his alimony payments as provided by General Statutes 46b-86 (b).
Section 46b-86 (b) provides, in part:
 (T)he superior court may, in its discretion suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party.
During the hearing before the support magistrate the parties stipulated that the defendant, the plaintiff's former wife, was living with another person, Michael Sanborn, for purposes of 46b-86 (b). The plaintiff was subject to an order to pay alimony of $50.00 per week to the defendant.
Sanborn was paying $150.00 per week to the defendant, occasionally purchased groceries for her and paid for repairs to her car. Sanborn testified that he ate $30.00 to $40.00 of food per week, made one short long distance call per week on the defendant's telephone and paid $5.00 per month for gas for the defendant's car, although he only drove her car once or twice.
The support magistrate made the following specific findings:
 The money received from Mr. Sanborn was not used for the defendant's use. The weekly cash payment and occasional grocery purchases were used for Mr. Sanborn's food and other living expenses. None of the funds were for the defendant's personal use or consumption. The defendant's living arrangement did not cause a change of circumstances CT Page 1428 as to alter the financial needs of the defendant.
In ruling upon an appeal from an order of a trial court which decreased rather than terminated the appellant's alimony payments pursuant to 46b-86 (b), the Appellate Court said in Warwick v. Warwick, 7 Conn. App. 361, 362 (1986):
 Upon a finding that a party receiving periodic alimony is living with another person resulting in a change of financial circumstances, the issue of whether such payments should be suspended, reduced or terminated is a matter of trial court discretion. A trial court's exercise of discretion may be disturbed on appeal only where such discretion has been abused. For us to conclude that the trial court abused its discretion we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. Every reasonable presumption shall be made in favor of the trial court's action.
(Citations and quotation marks omitted.)
In the Warwick case, the plaintiff, who was receiving $400 per month as periodic alimony from the defendant, began living with a man who paid the plaintiff $100 per week, or approximately $400 per month, for his food and other living expenses. The man also performed handyman chores, including the construction of a deck on the plaintiff's house. The trial court did not grant the defendant's request to terminate alimony, but concluded that the living arrangements caused a sufficient change in financial circumstances to warrant a reduction of the plaintiff's alimony to $200 per month.
The Appellate Court noted in Warwick, at page 363, that "there is no finding that this money was only for the plaintiff's use" and said that in "the absence of a finding that the plaintiff was receiving some portion or all of such funds solely for her personal consumption (w)e cannot find, therefore, that the trial court could not have reasonably concluded as it did."
In the present case, although the support magistrate specifically found that none of the funds received by the defendant was for her personal use or consumption, the amount CT Page 1429 of money received by the defendant from Sanborn in relationship to the costs which the defendant would incur as a result of Sanborn's living with the defendant, does not appear to support such a finding. Sanborn gave the defendant $150 per week and paid other miscellaneous expenses for the defendant. The only expense of any substance incurred by the defendant on behalf of Sanborn was $30 or $40 per week for food.
The magistrate heard the evidence presented in its entirety, including her observations of the demeanor and conduct of the witness. The court, therefore, remands this case to the magistrate with instructions to review the evidence and to determine the manner in which the funds received by the defendant from Sanborn in excess of the money paid for food for Sanborn were used for Sanborn's benefit.
For the reasons stated above, this case is remanded to the family support magistrate for further proceedings in accordance with this opinion.
Hendel, J.