■ CHARLES GRIMES, Respondent, v GWYNNE L. GRIMES, Appellant, et al., Defendant. [9 NYS3d 392]—

In an action, inter alia, to recover damages for breach of contract, the defendant Gwynne L. Grimes appeals from an order of the Supreme Court, Westchester County (Duffy, J.), entered October 8, 2013, which granted those branches of the plaintiff's motion which were for summary judgment on the sixth cause of action to the extent of terminating, as of September 2012, his obligation to pay alimony pursuant to a separation agreement that was incorporated into the parties' Connecticut judgment of divorce, and to award a credit for the amount overpaid, and summary judgment dismissing the first counterclaim to the extent it related to payments allegedly due to the defendant after September 2012.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Gwynne L. Grimes (hereinafter the appellant) were divorced by a Connecticut judgment dated December 24, 2009, which incorporated, but did not merge with, a separation agreement of the same date (hereinafter the agreement). The agreement required the plaintiff to pay unallocated alimony and child support based on certain percentages of his gross annual income, and provided that the plaintiff would make an $8,000 per month payment which would be "treated as a draw against the alimony due to the [appellant]." The agreement imposed certain documentation obligations on both parties and provided for quarterly reconciliation of the amount due and paid. The plaintiff's alimony obligation would terminate upon the occurrence of certain events, including "the [appellant] living with another person under circumstances that would warrant a modification or termination pursuant to [Connecticut General Statutes] Section 46b-86."

In March 2013, the plaintiff commenced this action, alleging in his sixth cause of action that the appellant had been financially benefitting from cohabitation with the defendant Anthony Rizzaro such that the plaintiff's alimony obligation had terminated as of September 2012 pursuant to the agreement. The appellant asserted a counterclaim alleging that the plaintiff breached the agreement by failing to pay his maximum

obligation for 2011 and thereafter, and failing to provide the necessary documents to calculate his support obligation during that period. Her second counterclaim sought attorneys' fees pursuant to the agreement due to the plaintiff's alleged breach. The plaintiff moved, inter alia, for summary judgment on the sixth cause of action and summary judgment dismissing the counterclaims. The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the sixth cause of action determining that alimony terminated as of September 2012 and awarding him a credit for the amount overpaid, and summary judgment dismissing the first counterclaim to the extent it related to payments allegedly due to the appellant after September 2012.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the sixth cause of action, which sought to terminate, as of September 2012, his obligation to pay alimony and to award him a credit for the amount overpaid. Connecticut General Statutes § 46b-86 (b) provides that the Superior Court may suspend, reduce, or terminate alimony "upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party." Here, the appellant's own deposition testimony established that she had been living together with Rizzaro in a romantic relationship since September 2012. Her testimony further established that Rizzaro contributed to her grocery, restaurant, fuel, and entertainment expenses, paid for utilities, and did household repairs and chores. Further, the couple took numerous trips together after September 2012, for which Rizzaro paid virtually all of the couple's expenses. Contrary to the appellant's contention, this evidence was sufficient to demonstrate that her "living arrangements cause[d] such a change of circumstances as to alter the financial needs of [the appellant]" (Conn Gen Stat § 46b-86 [b]; see *DeMaria v DeMaria*, 247 Conn 715, 720, 724 A2d 1088, 1091 [1999]; *D'Ascanio v D'Ascanio*, 237 Conn 481, 486-487, 678 A2d 469, 471-472 [1996]; *Duhl v Duhl*, 7 Conn App 92, 94-95, 507 A2d 523, 525-526 [1986]; *Pierce v Pierce*, 2012 WL 386399, 2012 Conn Super LEXIS 112 [Super Ct 2012]; cf. *Blum v Blum*, 109 Conn App 316, 325, 951 A2d 587, 594 [2008]). "[Connecticut General Statutes] [S]ection 46b-86 (b) 'requires only a "change" of circumstances, not a "substantial change" as required by § 46b-86 (a)' " (*D'Ascanio v D'Ascanio*, 237 Conn at 486, 678 A2d at 472, quoting *Kaplan v*

*Kaplan*, 185 Conn 42, 45-46, 440 A2d 252, 254 [1981]; *see Gervais v Gervais*, 91 Conn App 840, 853, 882 A2d 731, 740 [2005]). Accordingly, the plaintiff established that alimony terminated pursuant to the agreement by September 2012. In opposition to this showing, the appellant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Further, contrary to the appellant's contention, an evidentiary hearing was not required by the terms of the parties' agreement, since it did not incorporate the procedural requirements of a motion made pursuant to Connecticut General Statutes § 46b-86 (*see D'Ascanio v D'Ascanio*, 237 Conn at 488, 678 A2d at 472; *Nation-Bailey v Bailey*, 144 Conn App 319, 325-327, 74 A3d 433, 436-437 [2013]). Accordingly, in the absence of triable issues of fact, no hearing was required (*see generally* CPLR 3212).

Since the agreement imposes documentation obligations only for so long as the plaintiff had the obligation to pay alimony, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the first counterclaim to the extent it related to payments allegedly due to the appellant after September 2012.

We decline the appellant's request to search the record and award her summary judgment on so much of her first counterclaim as related to periods prior to termination of the plaintiff's alimony obligation or on her second counterclaim. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.